Argued and submitted June 30, 2003, reversed and remanded with instructions to dismiss the complaint April 28, petition for review allowed September 8, 2004
(337 Or 327)

STATE OF OREGON,
*Respondent,*

*v.*

BRANT GREGORY DAVIDS,
*Appellant.*

990231301; A111231

90 P3d 1

Susan F. Drake, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.*

DEITS, C. J.

---

* Wollheim, J., *vice* Kistler, J., resigned.

**DEITS, C. J.**

Defendant appeals from convictions of driving under the influence of intoxicants (DUII), ORS 813.010, and driving while suspended (DWS), ORS 811.182. He assigns error to the trial court's denial of his motion to dismiss on speedy trial grounds. We reverse the judgments of conviction and remand with instructions to dismiss the charges against defendant pursuant to ORS 135.747.

On December 30, 1998, two police officers observed defendant's car traveling at an excessive speed. The officers followed defendant's car to defendant's home, approximately eight blocks from where the officers first had seen him. By the time that the officers arrived, defendant's car was parked in his driveway, and he was sitting in the driver's seat. The officers arrested defendant for DUII and DWS. Defendant was subsequently released. The state indicted him on both charges and issued a warrant for his arrest on February 16, 1999. Defendant was not arrested on the warrant until January 31, 2000. He was arraigned the next day. The state released defendant the day after his arraignment. Some time after February 22, 2000, defendant's wife moved out.

Defendant resided at the same residence where he was initially arrested during the 11½ months between his indictment and arraignment. There is no evidence in the record that, during this time period, the state made any effort to serve the warrant on defendant. Because of additional delays caused by defendant and his agreement to state-requested delays, the trial was not scheduled until May 5, 2000. On May 4, defendant filed a motion to dismiss based on a violation of his right to a speedy trial under ORS 135.747, Article I, section 10, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution.

On May 5, 2000, the trial court held a hearing on defendant's motion. Defendant argued that the delay between his indictment and subsequent prosecution was unreasonable and prejudiced his ability to prepare his defense. The state offered no reason for the 11½-month delay between the indictment and arrest. The trial court denied defendant's motion. Defendant's trial took place on July 18,

2000. The jury found defendant guilty of both DUII and DWS.

■     Defendant appeals from both convictions, arguing that the trial court erred in denying his speedy trial motion. He reasserts his argument below that the delay between his indictment and prosecution was unreasonable and therefore violated ORS 135.747. He also contends that the delay prejudiced him because it prevented him from calling his wife as a witness, and that he is therefore entitled to a dismissal under both the Oregon Constitution and the United States Constitution.

Defendant asserts that his wife would state that she, not defendant, was driving the car on December 30, 1998. He contends that his wife would have been available to testify but for the state's delay and that the delay therefore prejudiced his ability to establish his defense. As noted above, defendant's wife moved out of defendant's home sometime after defendant's arraignment, apparently because of domestic problems between her and defendant. The state argues that the delay between indictment and arraignment was not prejudicial because defendant's wife continued to live with him until after he was arraigned. The state also argues that, because the officers who arrested husband also had brief contact with his wife at the time of the arrest and noted that she seemed heavily intoxicated, wife would have to take the unlikely step of waiving her protections against self-incrimination in order to testify that she was driving.

■■     Under ORS 135.747, the Oregon Constitution, and the United States Constitution, whether defendant was brought to trial within a reasonable time is a question of law. *State v. Green*, 140 Or App 308, 310-11, 915 P2d 460 (1996). Although defendant alleges a delay in excess of 15 months, we consider only the delay that was caused by the state and not consented to by defendant. ORS 135.747; *State v. Emery*, 318 Or 460, 869 P2d 859 (1994). Because defendant either caused or consented to all delays that occurred after his arraignment, the relevant delay here is that between defendant's indictment and arraignment, which was 11½ months.

■■     In some cases involving both statutory and constitutional speedy trial claims, we address the constitutional

claims first because, if the defendant were to prevail on the constitutional claim, more complete relief would be available: namely, dismissal of the charges with prejudice. *State v. Harberts*, 331 Or 72, 81, 11 P3d 641 (2000); *State v. Ivory*, 278 Or 499, 503, 564 P2d 1039 (1977); *State v. Peterson*, 183 Or App 571, 573-74, 53 P3d 455 (2002). In the circumstances here, however, if the charges are dismissed on statutory speedy trial grounds, complete relief would be available to defendant. Reprosecution of the offenses here would not be barred under ORS 135.747.[1] However, there appears to be no reason why the statute of limitations would not bar reprosecution in this particular case. *See* ORS 131.125(6); *State v. Gill*, 192 Or App 164, 168 n 4, 84 P3d 825 (2004).

Accordingly, we turn to defendant's statutory claim. ORS 135.747 provides that "[i]f a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant, or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed." To obtain a dismissal under ORS 135.747, a defendant need not establish prejudice, but only that the relevant delay was unreasonable and that defendant did not cause or consent to the delay. *Emery*, 318 Or at 470. The state concedes in this case that defendant did not cause or consent to the delay between indictment and arraignment. To determine whether the delay here was reasonable, we must consider all the circumstances of this case. *Id.* The state did not serve defendant with the arrest warrant for 11½ months. There is no evidence that the state took any action in the prosecution of this case during that time and it offers no explanation for the delay. The state acknowledges that the delay was longer than average, but contends that it was nonetheless reasonable.[2]

---

[1] The DUII charge against defendant is a Class A misdemeanor and the DWS charge is a felony. Under ORS 135.753(2), a dismissal under ORS 135.747 is not a bar to reprosecution of Class A misdemeanors and felonies.

[2] Defendant argues that the Oregon Standards of Timely Disposition in Oregon Circuit Courts are relevant here. Although this court and the Supreme Court have previously turned to those aspirational standards for guidance in determining whether a delay was reasonable under ORS 135.747, *Emery*, 318 Or at 471 n 17; *Peterson*, 183 Or App at 577, technically, the standards applicable to criminal proceedings address the period between arraignment and the conclusion of trial, not indictment and arraignment. The standards are therefore not directly pertinent here, as the period between arraignment and sentencing was less than six

In *Emery*, the Supreme Court overruled earlier cases holding that ORS 135.747 required a showing of prejudice for dismissal. *See, e.g., State v. Moylett*, 123 Or App 600, 604, 860 P2d 886 (1993), *rev den*, 319 Or 150 (1994). In subsequent cases that have considered whether a delay is reasonable, under the circumstances of the case, for the purposes of ORS 135.747, the courts generally have concluded that state-caused delays to which a defendant has not consented of 15 months or more are generally unreasonable and that delays of seven months or less are reasonable.[3]

In determining whether a delay caused by the state is reasonable, an important consideration is the reason that the state offers for the delay. *See State v. Rohlfing*, 155 Or App 127, 130-31, 963 P2d 87 (1998). A complete failure by the state to explain the reason for such a delay, as in this case, militates against our finding a delay reasonable under all the circumstances of the case. Given the nature of the charges against defendant, the length of the delay, and the failure of the state to offer any reason for the delay, we conclude that

---

months and, thus, was within the recommended standard that 90 percent of felony cases be tried within six months of arraignment.

Under both Article I, section 10, and the Sixth Amendment, delays between indictment and arraignment are considered "inherently more damaging to [a] defendant's ability to obtain a fair trial than * * * post-arrest delay[s]." *Ivory*, 278 Or at 508-09. However, the different treatment of prearraignment delay goes only to prejudice and is therefore not helpful for the purposes of ORS 135.747 because, under the statute, we do not consider prejudice.

[3] *E.g., Emery*, 318 Or at 470 (nearly two-year delay between citation and trial unreasonable); *State v. Hilton*, 187 Or App 666, 675, 69 P3d 779 (2003), *rev den*, 336 Or 377 (2004) (40-day delay not unreasonable); *State v. Fleetwood*, 186 Or App 305, 318-19, 63 P3d 42, *rev den*, 336 Or 125 (2003) (nearly nine-year delay attributable to the appellate process not unreasonable given the complexity of the issues involved); *Peterson*, 183 Or App at 577 (approximately seven-month delay between first trial date and the eventual date of trial not unreasonable); *State v. Harman*, 179 Or App 611, 623, 40 P3d 1079 (2002) (where the state offered no justification for a 10-month delay after the state's motion for reconsideration of a discovery order and another five-month delay after issuance of the appellate judgment in the mandamus action, the collective 15-month delay in prosecution of defendant for DUII unreasonable); *State v. Hampton*, 152 Or App 742, 745-46, 954 P2d 1267 (1998) (19-month delay while defendant's motion to suppress was under advisement unreasonable); *Green*, 140 Or App at 313 (33-month delay between issuance and service of warrant unreasonable where state offered no explanation for delay). We offer these cases only as a reference point, not to establish some bright-line test. The analysis of whether a delay is unreasonable for the purposes of ORS 135.747 necessarily turns on the length of the delay *and* the attendant circumstances of the case.

the delay was unreasonable under ORS 135.747. The trial court erred when it denied defendant's motion to dismiss for lack of a speedy trial under ORS 135.747.

Because our resolution of defendant's statutory claims affords defendant complete relief, we need not consider his constitutional claims.

Reversed and remanded with instructions to dismiss the complaint.