Argued and submitted January 6, decision of Court of Appeals affirmed;
judgment of circuit court reversed August 4, 2005

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## BRANT GREGORY DAVIDS,
*Respondent on Review.*

(CC 990231301; CA A111231; SC S51594)

116 P3d 894

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause and filed the brief for petitioner on review. With her on the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General.

Susan F. Drake, Deputy Public Defender, Salem, argued the cause and filed the brief for respondent on review. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

GILLETTE, J.

## GILLETTE, J.

This case is one of three that we decide today concerning the proper interpretation and application of two "speedy trial" statutes, ORS 135.747 and ORS 135.750.[1] The three cases have certain issues of statutory construction in common, which we addressed in our opinion in *State v. Johnson*, 339 Or 69, 116 P3d 879 (2005). This case presents two additional issues that are case-specific: (1) whether defendant impliedly waived his speedy trial objection by engaging in certain allegedly dilatory tactics; and (2) whether the trial court properly denied defendant's motion to dismiss the case because the state, in fact, had brought defendant to trial within a "reasonable period of time" under ORS 135.747. For the reasons that follow, we conclude that defendant did not waive his speedy trial right by engaging in dilatory tactics. We further conclude that the state violated defendant's statutory right to a speedy trial. We therefore affirm the decision of the Court of Appeals, which took the same view.

The record discloses the following facts. On December 30, 1998, police officers arrested defendant on suspicion of Driving Under the Influence of Intoxicants (DUII), ORS 813.010, and Driving While Suspended (DWS), ORS 811.182. On February 16, 1999, a Multnomah County grand jury indicted defendant for those crimes, and an arrest warrant issued that same day. The police did not arrest defendant on the warrant until January 31, 2000—some 11 and one-half months after the indictment issued. It appears that, between the date that the warrant issued and the date of defendant's arrest, the police made no attempt to execute the warrant.

---

[1] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

ORS 135.750 provides:

"If the defendant is not proceeded against or tried, as provided in ORS 135.745 and 135.747, and sufficient reason therefor is shown, the court may order the action to be continued and in the meantime may release the defendant from custody as provided in ORS 135.230 to 135.290, for the appearance of the defendant to answer the charge or action."

After his arrest on the warrant, defendant appeared in Multnomah County Circuit Court for arraignment. Defendant pleaded not guilty, and the court set a trial "call" date[2] of March 20, 2000. The court also ordered defendant to appear in court on February 8, 2000, for a preliminary proceeding. Defendant failed to appear for that proceeding and thereafter was brought in on a "failure to appear" arrest warrant. The court then appointed defense counsel and released defendant.

On March 20, 2000, the state requested and obtained a three-day setover. Thereafter, defendant sought and obtained two brief setovers and also filed a motion to dismiss on statutory and constitutional speedy trial grounds. On May 5, 2000, the trial court denied defendant's speedy trial motion and set defendant's trial for May 15. However, on May 15, defendant apparently was being detained in Wasco County on a new DUII charge and, consequently, did not appear for the trial. Defendant ultimately was tried on July 18, 2000, and a jury convicted him of both charges.

Defendant appealed, arguing that the trial court erred by denying his motion to dismiss on both statutory and constitutional speedy trial grounds. The Court of Appeals reversed. That court first determined that, in light of the 11 and one-half month delay in the warrant service, the state had not brought defendant to trial within a "reasonable period of time" under ORS 135.747 and that dismissal of the indictment consequently was required. The court further observed that, because the charges against defendant were, respectively, a felony and a Class A misdemeanor, ORS 135.753(2) ordinarily would entitle the state to reindict him. In this case, however, dismissal pursuant to ORS 135.747 provided defendant with complete relief, because the statute of limitations for both crimes had expired. *State v. Davids*, 193 Or App 178, 90 P3d 1 (2004). We allowed the state's petition for review.

Before this court, the state raises a number of general arguments about the meaning and application of the speedy trial statutes, including that: (1) this court must

[2] This "call" procedure is a feature of the local rules in Multnomah County.

100

review the trial court's ruling under ORS 135.747 under an "abuse of discretion" standard; (2) the requirement of ORS 135.747 that the state must bring a criminal defendant to trial within a "reasonable period of time" applies only after the defendant has been arraigned; and (3) defendants who request or consent to any delay, as defendant did here, are categorically excluded from the remedy provided in ORS 135.747. We already have considered and rejected those same arguments in *Johnson*, 339 Or at 74-94. What remains are the issues that are specific to this case: (1) whether defendant impliedly consented to or waived objection to the 11 and one-half month delay in executing the arrest warrant by requesting a number of setovers and by failing to appear at a scheduled proceeding; and (2) whether, in light of workload and budgetary pressures on the law enforcement agency charged with executing the arrest warrant, the 11 and one-half month delay in executing the warrant was "reasonable."

■   With respect to the first issue, we note that, in *Johnson*, we rejected the state's broader theory that ORS 135.747 categorically precludes dismissal when a defendant has requested or consented to any delay. *Johnson*, 339 Or at 94. The state argues, however, that certain actions by a defendant, or combinations of actions, are so inherently inconsistent with a desire for a speedy trial that courts must treat them as impliedly waiving any right to dismissal under the statutory speedy trial statutes. Applying that proposed principle to the present case, the state contends that, by seeking two setovers and failing to appear at a scheduled proceeding, defendant impliedly waived the remedy provided in ORS 135.747.[3]

Assuming, without deciding, that a defendant's dilatory tactics *could* operate as an implied waiver in the manner that the state has described, the facts of this case are insufficient to establish such an implied waiver. The setovers in question all were relatively brief and, to all appearances, legitimate. The circumstances surrounding the one relevant

---

[3] The state refers to the two instances on February 8 and May 15, 2000, in which defendant failed to appear for scheduled proceedings. However, the second incident occurred *after* defendant's motion to dismiss was decided and, therefore, cannot serve as justification for the trial court's decision.

"failure to appear" incident, on February 8, 2000, are unknown, but there is nothing in the record that suggests a particularly dilatory purpose. In short, there is no evidence in the record suggesting a pattern of tactics at odds with demanding dismissal as provided by ORS 135.747.

■     We turn, next, to the question whether the state brought defendant to trial within a "reasonable period of time." Defendant expressly requested or cooperated with a number of delays, that together account for about three of the 15 months that passed between defendant's indictment and his motion to dismiss. We do not consider such delays in our "reasonable period of time" analysis. ORS 135.747; *Johnson,* 339 Or at 94. We focus, instead, on the period of delay that was beyond defendant's control, *i.e.,* the 11 and one-half months that the state took to serve the arrest warrant that issued at the time when a grand jury indicted defendant.

In *Johnson,* we held that, when the state takes longer than ordinarily would be expected to bring a defendant to trial, the circumstances that caused the delay generally determine whether the delay is reasonable. *Johnson,* 339 Or at 88. We also held that, in the absence of a good explanation, we deem a 21-month interval in arraigning a defendant on an arrest warrant issued pursuant to an indictment to be unreasonable.

The delay at issue here is somewhat shorter than the one at issue in *Johnson*—only 11 and one-half months, as compared to 21 months. For the purpose of serving a warrant, however, we think that such a period is sufficiently exceptional to require an explanation.[4] Before the trial court, the state did not attempt to explain the delay, except to say that "we weren't able to serve the warrant until that time." The trial court apparently concluded that the delay was the product of simple neglect.[5]

---

[4] As we noted in *Johnson,* 339 Or at 88 n 12, we generally expect that the police will execute warrants of this sort within a matter of weeks, not months.

[5] Before issuing his order denying defendant's motion, the trial judge indicated that he "was very concerned about the fact that apparently there was no effort to serve this warrant during the nearly one-year period after the indictment was handed down." The trial court ultimately denied the motion because it concluded that "the fact that the warrant collected cobwebs for nearly a year really does not impact upon the motion for speedy trial."

The state now argues that there was good reason for the delay, namely, that the sheriff's office was operating under budgetary constraints and workload pressures that prevented it from executing lower priority warrants, such as traffic offense warrants, in a timely fashion. The state contends that the trial court was aware of those problems, pointing to the following statement that the trial court made before it denied defendant's motion to dismiss:

> "It's very frustrating for the trial courts because we have these hundreds of delays sitting around. The police department has thousands of warrants out there. The police department is understaffed. Lovely if we could send out about 20 people who did nothing but go out and serve warrants and get those suckers cleaned up and get the backlog cleaned up."

The state acknowledges that there was no affirmative evidence in the record pertaining to that explanation for the delay. The state suggests, however, that the above-quoted statement reveals that the trial court was utilizing its own knowledge that the time period for warrant service was "within the normal range," given the resource deficiencies that Multnomah County law enforcement agencies were facing. The state contends that we must defer to that factual finding, because the trial court, "which handles these cases and is confronted with that backlog on a daily basis," was in the best position "to evaluate whether the delay in warrant service is beyond what is typical, given county resources."

The state's argument fails, because there is no basis in this record to make any factual finding respecting what is a "typical" period of delay in serving warrants of this type. Moreover, and even if we were willing to accept the foregoing "finding," we would not accept the two further assumptions underpinning the state's argument. First, we do not accept the state's assumption that a trial judge's direct knowledge of the "typical" time frame for warrant service in cases in his courtroom somehow extends to an equally direct knowledge of how that time frame relates to county resources. Second, we do not accept the state's assumptions that, if a time frame for warrant service is "typical" for a given jurisdiction or courtroom, it necessarily is "reasonable" for purposes of ORS 135.747.

In sum, we reject the state's suggestion that the trial court could find on this record that resource limitations of the relevant law enforcement agency caused the delay. There is no evidentiary support in the record for such a finding, and we know of no other basis on which the trial court could have made it. In the end, given the length of the delay, the state's failure to offer any reasons for that delay to the trial court, and the lack of factual support in the record for the state's present explanation to this court, we conclude that the delay was unreasonable and that the trial court erred in denying defendant's motion to dismiss.[6]

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed.

---

[6] Our disposition of the case on this basis leaves open the question whether an extraordinary delay in service of a warrant, even if caused by limited resources, could be "reasonable" for purposes of ORS 135.747. We express no opinion respecting that question.