Argued and submitted September 5, 2007, reversed June 18, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DAVID ROY FORSYTH,
*Defendant-Appellant.*

Columbia County Circuit Court
031032; A127992

188 P3d 299

Robert M. Stone argued the cause and filed the brief for appellant.

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for two counts of first-degree burglary, ORS 164.225, and one count each of second-degree burglary, ORS 164.215, and unauthorized use of a vehicle, ORS 164.135. He advances two assignments of error. First, he assigns error to the trial court's denial of his motion to dismiss, arguing that the delay in bringing him to trial violated his statutory and constitutional rights to a speedy trial. Second, he assigns error to the court's refusal to suppress identifications by two eyewitnesses, arguing that the procedures used to obtain the identifications were suggestive. Because we conclude that defendant's speedy trial rights were violated, we reverse. Accordingly, we do not reach defendant's other assignment of error.

Unless noted otherwise, the relevant facts are undisputed. In November 2002, defendant was indicted on charges related to a break-in at the Clatskanie Safeway, located in Columbia County. The next week, defendant was arrested on unrelated charges in Cowlitz County, Washington, and held in the county jail. The state was aware of defendant's arrest in Cowlitz County. While defendant was in custody there, Columbia County served its arrest warrant on defendant, and the prosecutor requested extradition. Defendant appeared in Columbia County Circuit Court on December 24, 2002. He was later arraigned, appointed counsel, and released on third-party recognizance.

On January 17, 2003, defendant committed several residential burglaries in Columbia County, which gave rise to the charges in this case. Several days later, defendant committed more crimes in the State of Washington. He was arrested and again held at the Cowlitz County Jail pending proceedings on those crimes. On January 23, the third party who had signed for defendant's release in the Safeway case reported that defendant had absconded. Defendant was indicted for the residential burglaries on January 30.

The state once again was aware of defendant's Washington offenses. While defendant was in the Cowlitz County Jail, Columbia County served on defendant two arrest warrants—a second warrant in the Safeway case and

a warrant for the residential burglaries—on January 31 and February 3, respectively. The Columbia County prosecutor again requested extradition. Defendant remained in custody at the Cowlitz County Jail.

On March 26, 2003, defendant pleaded guilty to the Cowlitz County, Washington, charges and was sentenced to 21 months in prison. He was transferred from the county jail to the state prison system.

Meanwhile, defendant's attorney in the Safeway case moved to suppress a photograph identification in that case, and the court scheduled a suppression hearing. The prosecutor later requested that the court continue the case, representing that defendant was imprisoned in Washington and—as it turns out, incorrectly—that Columbia County had lodged a detainer against him. Because the residential burglaries case was also pending against defendant in Columbia County, the prosecutor proposed that the hearings in both cases be held upon defendant's return to Oregon. The prosecutor stated that defendant's attorney "told me that he is in agreement with that plan." The prosecutor noted, however, that, at that point, defendant did not actually have an attorney in the residential burglaries case and that the representation had come from an attorney who was representing defendant in a different case. The trial court granted the prosecutor's requested continuance.

After serving his sentence in Washington, defendant was paroled to a county jail there, where he waived extradition. Defendant arrived in Columbia County on October 5, 2004. He was arraigned the next day in this case, involving the residential burglaries, and the court appointed to serve as counsel the attorney who was already representing him in the Safeway case. Defendant remained in custody.

On October 25, defendant moved to dismiss the indictment in this case, asserting a violation of his speedy trial rights on statutory and constitutional grounds. Three days later, he moved to suppress the results of a photograph throw-down identification by two eyewitnesses to the residential burglaries. On November 2, the state moved to consolidate the Safeway and residential burglaries cases. That

same day, defendant waived commencement of the trial within 60 days as provided in ORS 136.290(1).

At a hearing on the pending motions on January 14, 2005, the trial court allowed the state's motion to consolidate, but denied both of defendant's motions. In denying defendant's motion to dismiss, the court determined that defendant's speedy trial rights were not violated because the delay in bringing him to trial resulted from his own conduct.

On February 18, 2005, pursuant to a negotiated conditional plea, the Safeway case and some of the counts in the residential burglaries case were dismissed. Defendant pleaded guilty on the remaining counts, reserving his right to appeal the pretrial rulings, and was convicted. On appeal, defendant assigns error to the trial court's denial of his two pretrial motions and essentially renews the arguments he made before the trial court.

■    We turn first to the denial of defendant's motion to dismiss and his argument that the state violated his constitutional and statutory speedy trial rights when it waited until he had finished serving his prison sentence in another state before bringing him to trial. With regard to his statutory claim, the state argues that defendant's speedy trial rights were not violated because most of the delay was either consented to or caused by defendant, and, in any event, the trial court properly exercised its discretion in proceeding to trial despite any unreasonable delay. With regard to the constitutional claim, the state responds that defendant failed to demonstrate that he suffered any prejudice by the delay, which is a necessary component of a successful speedy trial claim under both the Oregon and federal constitutions.

■    Before turning to the substance of defendant's arguments, we must determine the order of our analysis. It is ordinarily appropriate to address a constitutional speedy trial claim before a statutory one where a successful constitutional claim would result in more complete relief. *State v. Johnson*, 342 Or 596, 606, 157 P3d 198 (2007), *cert den*, ___ US ___ , 128 S Ct 906 (2008). The remedy for a successful constitutional claim is dismissal *with* prejudice, *id.*, while the remedy for a successful statutory claim when the charges are

felonies, as in this case, is dismissal *without* prejudice, ORS 135.753(2).

Defendant contends, however, that, even though the remedy for a successful statutory claim is dismissal without prejudice, the state may not reprosecute him because the statute of limitations has run. He also argues that the statute of limitations was not tolled while he was incarcerated out of state, because Columbia County was aware of his location. Therefore, according to defendant, it is appropriate to consider his statutory speedy trial claim first, because the remedy, given the state's inability to reprosecute him, would have the same effect as dismissal with prejudice under the constitution.

We agree that it is appropriate to consider defendant's statutory argument first. ORS 131.125(6)(a) provides that a felony prosecution must be commenced within three years of the commission of the offense. A statute of limitations begins to run on the day after the offense is committed. ORS 131.145(1). The limitation period is tolled

"(a)  [a]*ny time when the accused is not an inhabitant of or usually resident within this state*; or

"(b)  [a]ny time when the accused hides within the state so as to prevent process being served upon the accused."

ORS 131.145(2) (emphasis added). Defendant contends that his out-of-state incarceration did not toll the statute of limitations under ORS 131.145(2)(a) because the state was aware of his location.

Whether defendant's contention is correct as a matter of statutory construction is now irrelevant. Even if the limitation period was tolled during his out-of-state incarceration, the extended limitation period has now expired. Because defendant committed the felony offenses at issue in this case on January 17, 2003, the statute of limitations began to run on January 18, 2003. Consequently, the statute bars a prosecution against defendant for those offenses after January 18, 2006, unless the limitation period was tolled. The state was notified that defendant had left the state on January 23, 2003. Defendant remained in Washington until

his return on October 5, 2004. The intervening period is 20 and one-half months. Even if defendant's out-of-state incarceration tolled the limitation period, the extended limitation period ran only until October 2007.

Were defendant to prevail on his statutory speedy trial claim, his remedy would be dismissal of the indictment. Because even the extended limitation period has run, the state would no longer be able to reindict defendant in this case, which would have the same effect as the constitutional remedy of dismissal with prejudice. Consequently, we turn first to defendant's statutory speedy trial claim. *See State v. Davids*, 193 Or App 178, 182, 90 P3d 1 (2004), *aff'd*, 339 Or 96, 116 P3d 894 (2005) (if the relevant statute of limitations would bar reprosecution, it is appropriate to examine statutory speedy trial claims first).

ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed *upon the application of the defendant or by the consent of the defendant*, is not brought to trial *within a reasonable period of time*, the court shall order the accusatory instrument to be dismissed."

(Emphases added.) Determining whether a time period is "reasonable" requires an examination of all "attendant circumstances," which includes the reasons for the delay. *State v. Johnson*, 339 Or 69, 88, 116 P3d 879 (2005). We do not consider any delays expressly requested or consented to by the defendant in our "reasonable period of time" analysis. *See State v. Davids*, 339 Or 96, 101, 116 P3d 894 (2005) (stating that the appropriate focus is "on the period of delay that was beyond [the] defendant's control"). "[W]hen the state takes longer than ordinarily would be expected to bring a defendant to trial, the circumstances that caused the delay generally determine whether the delay is reasonable." *Id.*

Regardless of the reasons for the delay, we must also assess whether the "overall" time period in bringing defendant to trial was reasonable. *State v. Adams*, 339 Or 104, 111-12, 116 P3d 898 (2005). The Supreme Court has determined that "a delay that roughly equals the statute of limitations for the crime at issue is too long." *Id.* at 112. Even if a

delay is unreasonable, a trial court may continue a case for "sufficient reason." ORS 135.750. A "sufficient reason" is "one that has some relevance to, and does not essentially undermine, the overall purpose of [the speedy trial] statutes." *Johnson*, 339 Or at 90.

In *Davids*, the Supreme Court held that the defendant's statutory speedy trial rights were violated when the state served the arrest warrant on the defendant 11 and one-half months after the indictment issued. 339 Or at 101. The police made no attempt to execute the warrant, and the delay was the product of "simple neglect." *Id.* In that case, the state acknowledged that there was no evidence in the record pertaining to any explanation for the delay. *Id.* at 102. The court concluded that, "given the length of the delay" and "the state's failure to offer any reasons for that delay to the trial court," the delay was not reasonable and that the defendant's motion to dismiss should have been granted. *Id.* at 103.

We begin our analysis in this case by identifying the relevant delay, bearing in mind that we do not consider any delays to which defendant has expressly consented. Defendant was indicted on January 30, 2003, and served with the arrest warrant four days later while he was in a county jail in Washington. Defendant waived commencement of the trial within 60 days pursuant to ORS 136.290(1) on November 2, 2004. Defendant pleaded guilty on February 18, 2005.

Defendant contends that the relevant delay totals two years, based upon the time calculation from defendant's indictment to his guilty plea, and that the entire delay was attributable to the state. The state disagrees, advancing several arguments. First, the state argues that the "bulk" of the delay resulted from defendant's own misconduct, that is, committing crimes for which he was incarcerated in another state and failing to "make any effort to contact his attorney, the court, or the prosecution to inquire about his return." Second, the state argues that defendant consented to an "indefinite delay" through his attorney. According to the state, defendant's counsel in the Safeway case was his *de facto* counsel for the residential burglaries case and that attorney's

express consent to hold hearings on both cases after defendant was returned to Oregon constituted a waiver of defendant's speedy trial rights.

■       We begin with the state's argument that the "bulk" of the delay is attributable to defendant because he committed additional offenses in Washington. The state does not explain—and we do not understand—how the fact that a defendant commits an additional crime or is incarcerated in another state, by itself, vitiates his right to a speedy trial on crimes that he or she has previously committed; in fact, the law is to the contrary. See State v. Ayers, 207 Or App 668, 685 n 10, 143 P3d 251, rev den, 342 Or 253 (2006) (rejecting contention that absconding or committing new crimes necessarily defeats a defendant's speedy trial rights).

■■       In its brief, the state suggests that defendant could have requested that he be returned to Oregon for trial under the Interstate Agreement on Detainers (IAD). ORS 135.775. But a defendant is not obligated to do so in the absence of a detainer. See, e.g., State v. Coffman, 59 Or App 18, 22, 650 P2d 144 (1982) (providing that, when a detainer is not lodged against a defendant, the IAD is inoperative). In this case, it is undisputed that no detainer was lodged against defendant once he was transferred to the Washington State Penitentiary.

■       We turn to the state's contention that defendant, through his counsel, consented to an "indefinite delay." The delay at issue in this case is the delay in the residential burglaries case, in which defendant was unrepresented until October 6, 2004. The consent on which the state relies is a statement that the prosecutor reported that defendant's lawyer in the Safeway burglary case made sometime in August 2003. We reject the contention that an "agreement" by an attorney not representing defendant in the relevant case constitutes a waiver of defendant's speedy trial rights.

Once defendant waived commencement of the trial within 60 days, however, he consented to the subsequent delay. Defendant did so on November 2, 2004. That waiver occurred 21 months and three days after his indictment on January 30, 2003. The relevant delay, then, is 21 months and three days.

Our next inquiry is whether 21 months was a "reasonable period of time," which is a question of law. *Johnson*, 339 Or at 86. In *Davids*, we observed that "the courts generally have concluded that state-caused delays to which a defendant has not consented of 15 months or more are generally unreasonable and that delays of seven months or less are reasonable." 193 Or App at 183 (citing cases). Of course, that observation was not a bright-line test, and the analysis of the reasonableness of any delay necessitates consideration of the "attendant circumstances," which includes the reasons for the delay. *Johnson*, 339 Or at 88.

In this case, a 21-month delay is considerably longer than the 15 months that we observed to be generally regarded as excessive. Moreover, it is nearly two thirds of the entire limitation period that applies to the offenses. In short, the delay is longer than would ordinarily be expected to bring a defendant to trial on felony charges.

The state asserts that the delay is nevertheless reasonable because it was not clear whether a detainer had been lodged against defendant while he was incarcerated in Washington. The state never offers a justification for its "uncertainty," however. Particularly in light of the fact that it is uncontested that the state knew that defendant was being held in Washington at the time, we do not agree that its uncertainty was, in fact, reasonable.

The state also contends that the delay was reasonable in light of defendant's consent, through counsel. But, as we have noted, that consent—if that is what it was—came from an attorney who did not represent defendant in this case. The state again fails to explain how, in light of that fact, its reliance was reasonable.

The state contends that, even if the delay was unreasonable, the trial court had "sufficient reason" to continue the case. The bases for the contention, however, are precisely the same grounds for the state's assertion that the delay was not unreasonable in the first place, *viz.*, the state's uncertainty about whether a detainer had been lodged against defendant and the representations of the attorney who had been representing him in a different case. For the same reasons that those grounds do not suffice to explain the state's delay in the

first place, they also do not suffice to provide the trial court with grounds for determining that there was "sufficient reason" to proceed with the case.

The trial court erred in denying defendant's motion to dismiss on statutory speedy trial grounds. Accordingly, it is unnecessary to address defendant's constitutional claims or his second assignment of error.

Reversed.