Submitted April 30, reversed September 10, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT WAYNE SPICER,
*Defendant-Appellant.*

Josephine County Circuit Court
04CR0085; A130801

193 P3d 62

Peter Gartlan, Chief Defender, Legal Services Division, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Richard D. Wasserman, Attorney-in-Charge, Civil/Administrative Appeals, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant appeals convictions on two counts of felon in possession of a firearm. ORS 166.270. He argues that the length of time that passed between his being charged with the offenses and his trial violated the speedy trial requirement of ORS 135.747. We conclude that defendant was not brought to trial within a reasonable period under ORS 135.747 and that there was not sufficient reason for the delay under ORS 135.750. We therefore reverse the convictions.

The relevant facts are procedural and are not in dispute. On January 16, 2004, defendant was on probation as the result of a previous felony conviction. On that date, a probation officer saw firearms in defendant's residence during a routine visit. The officer then conducted a consent search and found two additional firearms hidden in a laundry basket. On February 2, 2004, defendant was arraigned on a district attorney's information on four counts of felon in possession of a firearm. He requested a preliminary hearing. On February 25, 2004, a grand jury indicted him on the same charges, thus superseding the information. Defendant was arraigned on the indictment on March 18, 2004. At a status conference on April 26, 2004, defendant requested a setover in order to pursue plea negotiations. He requested another setover for the same reason on May 10, 2004.

On May 24, 2004, defendant requested a one-day trial, which the court eventually set for September 2, 2004. No judge was available on that date, and the court reset the case to January 18, 2005. There turned out to be a court error in setting that date, and the court again reset the case, this time to March 8, 2005. Defendant was ready for trial on that date, but the state requested and received a postponement because all three of its witnesses were unavailable. Two of those witnesses were sick, one with the flu and one as the result of surgery, and the third had just begun paternity leave. On June 8, 2005, the next trial date, no judge was available.

On July 19, 2005, defendant filed a motion to dismiss for lack of a speedy trial;[1] after a hearing on August 17, 2005,

---

[1] On June 7, 2005, the day before the fourth trial date, the trial court had orally denied defendant's previous motion to dismiss for lack of a speedy trial, with leave

the trial court denied the motion. In explaining its decision, the trial court noted only that defendant had caused the delay resulting from his requests for continuances and that the state could not have avoided the delay that was the result of the unavailability of its witnesses. The court therefore did not charge that delay against the state. The case was ultimately tried to a jury on August 25, 2005, the fifth trial setting. The jury acquitted defendant of possessing the firearms that the officer first saw but convicted him of possessing the hidden firearms.

In moving to dismiss the case, defendant relied on the pertinent statutory and constitutional speedy trial provisions. On appeal, he relies solely on ORS 135.747, which provides:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

The apparently absolute requirement of ORS 135.747 that the court dismiss a case when the defendant is not tried within a reasonable period is modified by ORS 135.750:

> "If the defendant is not proceeded against or tried, as provided in ORS 135.745 and 135.747, and sufficient reason therefor is shown, the court may order the action to be continued and in the meantime may release the defendant from custody as provided in ORS 135.230 to 135.290, for the appearance of the defendant to answer the charge or action."

In *State v. Johnson*, 339 Or 69, 116 P3d 879 (2005), the Supreme Court, after discussing the text and history of those statutes, concluded that ORS 135.747 requires dismissal of a criminal action if the defendant was not brought to trial within a reasonable period of time and that determining what is a reasonable period of time is a matter of law, not judicial discretion. The court also noted, though, that ORS 135.750 accords a trial court discretion to continue a case, even if the length of the delay is unreasonable under ORS

for defendant to refile the motion at a later date. On June 20, 2005, it had entered a written order confirming its oral decision.

135.747, if the court first determines, as a matter of law, that there was sufficient reason for that otherwise unreasonable delay. *Johnson*, 339 Or at 81-82, 86-87.[2]

In *State v. Adams*, 339 Or 104, 116 P3d 898 (2005), there were 23 months of delay, which the defendant neither requested nor consented to, between the defendant's arraignment on a charge of driving under the influence and the trial. After a mistrial because the jury could not agree, the trial court dismissed the case under ORS 135.747. In doing so, the court explained that a substantial portion of the delay before the trial was the result of a shortage of judges to hear criminal cases, a shortage that the court blamed on a deliberate legislative funding decision. *Adams*, 339 Or at 106-08. On appeal, the Supreme Court recognized that its older cases treated docket congestion as good cause for continuing a case; that is, as a corollary of the rule that courts must have control over their own dockets. However, the court reaffirmed that there are limits to how far an overcrowded docket can go in expanding the time in which it is reasonable to try a case. The fact that the congestion is the result of a deliberate legislative decision does not affect that limit either one way or the other. In *Adams*, the delay was almost equal to the statute of limitations for a misdemeanor, and that in itself made the delay too long. "If two years is the limit for *commencing* a DUII prosecution, then it certainly must be beyond the reasonable time for bringing to trial a defendant whom the state already has charged with DUII." *Id.* at 111-12 (emphasis in original). The court affirmed the dismissal of the case.

*State v. Brunoe*, 204 Or App 749, 131 P3d 743, *rev den*, 341 Or 245 (2006), appears to be the only appellate decision to date that has applied the current version of ORS

---

[2] As the court noted in *Johnson*, there is an apparent circularity between the two statutes. 339 Or at 76-77. Whether a delay is unreasonable under ORS 135.747 does not depend solely on the length of the delay to which the defendant did not consent; rather, the circumstances that caused the delay are relevant to determining whether the delay is reasonable. *Id.* at 88. That suggests that determining that a delay is unreasonable under ORS 135.747 necessarily also means that there was not sufficient reason for the delay under ORS 135.750, and, on the other hand, that a delay that is reasonable under ORS 135.747 is also a delay for which there was sufficient reason under ORS 135.750. *See, e.g., State v. Johnson*, 342 Or 596, 617, 157 P3d 198 (2007) (delay in bringing defendant to trial was either reasonable under ORS 135.747 or there was sufficient reason for continuing the case under ORS 135.750; Supreme Court did not decide which statute applied).

135.750 to allow a case to continue despite a delay that was unreasonable under ORS 135.747. In *Brunoe*, we first concluded that a total delay of 12.4 months to which the defendant did not consent was not a reasonable time in which to try a case of misdemeanor driving under the influence of intoxicants. However, much of the delay was the result of the trial court giving statutorily required priority to other cases that involved child witnesses, and that fact provided sufficient reason under ORS 135.750 for the court to exercise its discretion to continue the case despite the delays. *Brunoe*, 204 Or App at 758-59. *Brunoe* thus suggests that a "sufficient reason" under ORS 135.750 requires that the delay be attributable to some specific circumstance or policy that outweighs the general determination of unreasonableness made under ORS 135.747. *See also State v. Hickey*, 204 Or App 704, 706-07, 131 P3d 853, *rev den*, 341 Or 245 (2006) ("sufficient reason" for delay must have some relevance to, and not undermine, essential purpose of speedy trial statutes to ensure that cases do not languish in the judicial system).

With that understanding of the statutes, we turn to the delays in this case. The parties agree that the state was responsible for 426 days of the delay: 21 days from the indictment to the first scheduled arraignment; 39 days from the actual arraignment to the first status date; 288 days from the third status date to the third trial date; and 78 days from the fourth trial date to the actual trial.[3] The parties agree that 29 days of delay were the result of defendant's application or were by his consent—one day because his attorney failed to appear at the first arraignment date and 28 days from the first status date to the third status date because defendant sought continuances to pursue plea negotiations.

The state and defendant disagree about the 92 days between the third and fourth trial dates.[4] The state argues

---

[3] The state does not argue that any portion of the 426-day period was justified on the ground that court docket congestion made it unavoidable.

[4] The state also argues that defendant incorrectly starts the clock running with his arraignment on the information rather than with the later arraignment on the indictment. In his brief, defendant refers to both dates, but his argument is that the delay from the indictment to the trial was unreasonable. We therefore do not need to decide whether the state's argument in that regard is correct.

that that delay was the result of the unexpected unavailability of the state's witnesses and therefore is not a delay that we should charge to the state. Defendant replies that we should impute the delay to the state, at least in the absence of evidence that a three-month setover was necessary. We frame the issue in somewhat different terms.

The fundamental problem with the state's position is that the issue under ORS 135.747 is not whether the state caused a delay but whether the trial was "postponed upon the application of the defendant or by the consent of the defendant." If the defendant did not apply for or consent to a delay, that delay is part of the period included in the statutory calculation of reasonableness. Although cases under ORS 135.747 often describe a delay as "attributable to the state," that phrase is simply a shorthand way of saying that the delay was not one for which the defendant applied or to which the defendant consented. The fact that the state may not have created the reasons for the delay and, indeed, may have been unaware of the need for a delay until shortly before the scheduled time for the trial, does not mean that the delay occurred on the defendant's application or by the defendant's consent. The statute simply does not provide for a category of delays that are attributable to neither the state nor the defendant. *Cf. Brunoe*, 204 Or App at 754 (state is unitary body and trial court delays are attributable to state). In short, the 92 days in question are part of the calculation for determining whether the trial occurred within a reasonable period.

It follows that the relevant delay in this case is 518 days, or approximately 17.25 months. The state conceded before the trial court that it was responsible for 426 days of that delay, and it did not contend that any portion of that period of delay was justified. Moreover, as discussed, the 92-day period of delay between the third and fourth trial settings is attributable to the state for the purpose of determining whether the trial occurred within a reasonable period. The question is whether, under these circumstances, a delay of 17.25 months in bringing this case to trial was reasonable. Previous cases suggest the answer.

In *State v. Davids*, 339 Or 96, 116 P3d 894 (2005), the Supreme Court held that an 11.5 month delay in serving the arrest warrant for an indictment for felony driving while suspended and misdemeanor DUII was unreasonable when the delay in serving the warrant was purely the result of the state's neglect.[5] In *State v. Mandonado*, 210 Or App 102, 150 P3d 6 (2006), the state conceded, and we agreed, that under *Davids* an 18.5 month delay in bringing a Class B felony case to trial was unreasonable when the state was responsible for the delay and offered no explanation for it. Under *Davids* and *Mandonado*, the length of the delay in this case was sufficient to require us to examine the reasons for the delay.

In *State v. Allen*, 205 Or App 219, 228, 134 P3d 976 (2006), we held that a delay of 11.5 months in trying a DUII case that was not, unlike the delay in *Davids*, the result of simple neglect, would not in itself be unreasonable, but that a delay of 15 months would be. Because it was not clear who was responsible for three and one-half months of the delay, we remanded the case to the trial court for further proceedings.

Most recently, in *State v. Forsyth*, 220 Or App 476, 188 P3d 299 (2008), we considered a delay of 21 months and three days in bringing the defendant to trial on several felony burglary charges. We noted that, in our opinion in *Davids*, we had observed that courts had generally concluded that a 15-month delay was unreasonable; we also noted that that observation did not state a bright-line test and that any delay required consideration of the attendant circumstances. *Id.* at 485. However, 21 months was nearly two-thirds of the limitation period for the charges and was longer than one would ordinarily expect to bring a defendant to trial on felony charges. We rejected the grounds that the state gave for the delay—its alleged uncertainty about whether it had lodged a detainer against the defendant while he was incarcerated in Washington on other charges and an alleged consent by an

---

[5] In its brief, the state asserts that it is not aware of any case in which a court held that a delay in a felony case of only 14 months attributable to the state required dismissal under ORS 135.747. It apparently overlooked that one of the charges against the defendant in *Davids* was a felony.

attorney who did not represent the defendant on the charges in question—and held that the delay was unreasonable. *Id.*

In this case, the pertinent delay of 17.25 months was not delay for which defendant applied or to which he consented, and the state has not shown that defendant could not reasonably have been brought to trial within a substantially shorter cumulative period of time. In these circumstances, we conclude that defendant was not brought to trial within a reasonable period under ORS 135.747. Because nothing in the record suggests that the delay was due to any special circumstance or policy, we also conclude that there was not sufficient reason on this record for the court to have continued the case under ORS 135.750. The trial court should have granted defendant's motion to dismiss.

Reversed.