Argued and submitted March 17, 2009, reversed March 10, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RICHARD C. ALLEN,
*Defendant-Appellant.*

Klamath County Circuit Court
0103153CR; A134277

227 P3d 219

Jesse Wm. Barton argued the cause and filed the brief for appellant.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Ortega, Judge.

HASELTON, P. J.

## HASELTON, P. J.

This case is before us again, after we remanded it for the trial court to reconsider its denial of defendant's motion to dismiss on statutory speedy trial grounds. *State v. Allen*, 205 Or App 219, 134 P3d 976 (2006) (*Allen I*).[1] Pursuant to that remand, the trial court denied defendant's motion to dismiss and reinstated his conviction for driving under the influence of intoxicants (DUII), ORS 813.010. On appeal from his reinstated conviction, defendant again assigns error to the trial court's denial of his speedy trial motion. We review the trial court's ruling for errors of law, *State v. Myers*, 225 Or App 666, 671, 202 P3d 238, *rev den*, 346 Or 184 (2009), and, for the reasons set forth below, reverse.

We take the relevant facts from our decision in *Allen I* and also recount additional material facts developed on remand, which are not in dispute. On November 5, 2001, defendant was issued a citation for DUII. *Allen I*, 205 Or App at 221. Nearly 19 months later, on May 28, 2003, after many delays—one of which remains central to the dispute in this case—defendant was tried and convicted. *Id.* at 221-24. On that day, before trial, defendant had moved to dismiss his case, asserting that the state had failed to bring him to trial within a "reasonable period of time," ORS 135.747,[2] and the trial court had, albeit not explicitly, denied that motion.[3] Defendant appealed, assigning error to, among other things, the trial court's denial of his speedy trial motion. *Allen I*, 205 Or App at 221.

---

[1] Initially, we affirmed defendant's conviction without opinion, *State v. Allen*, 198 Or App 534, 109 P3d 803 (2005). The Oregon Supreme Court vacated our decision and remanded the case to us for reconsideration in light of its decision in *State v. Adams*, 339 Or 104, 116 P3d 898 (2005). *State v. Allen*, 339 Or 609, 127 P3d 650 (2005). On remand, we vacated defendant's conviction and, in turn, remanded the case to the trial court with instructions. *Allen I*, 205 Or App at 231.

[2] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

[3] As we explained in *Allen I*, the trial court did not expressly rule on defendant's motion until October 20, 2003, nearly five months after he was tried and convicted. Nonetheless, "by proceeding to trial without expressly ruling on defendant's pending speedy trial motion, [the trial court] necessarily, albeit implicitly, denied that motion." 205 Or App at 225.

On appeal, in *Allen I*, we reviewed defendant's contention that the trial court had erred in denying his motion to dismiss. In particular, defendant contended that at least 13 months of the nearly 19-month interval between November 5, 2001 and May 28, 2003, represented an unreasonable delay attributable to the state. 205 Or App at 226. After assessing in detail the circumstances pertaining to the interval between charging and trial, we concluded that at least 352 days (approximately 11 1/2 months) of the total delay was properly attributable to the state and at least 116 days (nearly four months) was attributable to defendant. *Id.* at 227-28. However, on the record developed, we were unable to ascertain the parties' relative responsibility for the remaining period of 101 days, from July 16 to October 25, 2002. *Id.* at 230.[4]

The proper allocation of that 101-day period was critical to defendant's asserted entitlement to dismissal under ORS 135.747. As we explained in *Allen I*:

"[T]his is not a case in which we would deem an 11 1/2 month delay, in itself, to be 'unreasonable' for purposes of ORS 135.747.

"Given that conclusion, the application of ORS 135.747 in this case depends on the proper characterization of the delay that occurred between July 16 and October 25, 2002. *If that time is entirely attributable to the state, the delay would be approximately 15 months, which, in the circumstances presented here, would be 'unreasonable' for purposes of ORS 135.747.* Conversely, if that time (or virtually all of that time) is attributable to defendant, the delay would be less than a year and would not be deemed 'unreasonable' under these circumstances."

205 Or App at 228-29 (emphasis added). Accordingly, as described in greater detail below, *see* 234 Or App at 249, we remanded to the trial court to

---

[4] We held in *Allen I* that "[a]t the very least" six days of that delay—from July 16 to July 22, 2002—was properly attributable to the state. *Id.* at 230. However, whether, or to what extent, the state could be deemed responsible for the balance of the period through October 25, 2002, was uncertain. *Id.*

"determine, pursuant to ORS 135.747, the extent to which the delay between July 16 and October 25, 2002, is attributable to either or both of the parties and, based on that determination, to decide whether defendant was brought to trial 'within a reasonable period of time.' "

205 Or App at 230. We directed the trial court, if it concluded that defendant had not been brought to trial within a reasonable time, to determine whether it would have continued the case pursuant to ORS 135.750,[5] notwithstanding the unreasonable delay. *Id.* at 230-31. If the court determined that defendant was entitled to dismissal under ORS 135.747 and that a continuance under ORS 135.750 was not warranted, it was to dismiss the DUII charge; otherwise, it was to reinstate defendant's conviction. *Id.* at 231.

Before describing what occurred on remand following *Allen I*, it is not only useful, but essential, to place that remand in the fuller context of the circumstances of the disputed 101-day period of delay between July 16 and October 25, 2002. Consequently, we recapitulate those circumstances as they were disclosed, or uncertain, at the time of *Allen I*.

In mid-January 2002, defendant filed a variety of pretrial motions, including motions to exclude evidence of his performance on field sobriety tests, to exclude horizontal gaze nystagmus test evidence in its entirety, and to exclude defendant's breath test result. With respect to the latter, defendant requested an "omnibus hearing." After various setovers, that hearing was scheduled for Tuesday, July 16, with trial to begin the following Wednesday, July 24. *Allen I*, 205 Or App at 221.

At the July 16 omnibus hearing, the prosecutor attempted to call a witness from the Oregon State Police to testify regarding the Intoxilyzer machine, but defendant objected because the state had not given him notice that that witness would be called. *Id.* at 221. The trial court agreed

---

[5] ORS 135.750 provides, in part:

"If the defendant is not proceeded against or tried, as provided in * * * ORS 135.747, and sufficient reason therefor is shown, the court may order the action to be continued * * *."

that the state had committed a discovery violation and indicated that it would give the state the choice of either having the witness excluded or continuing the hearing on that motion. *Id*. at 221-22. The prosecutor argued that the witness was vital to the state's case and suggested that defense counsel be given an opportunity to speak with the witness before her testimony. *Id*. at 222. Defense counsel countered that he did not want to speak with the witness without an investigator present. *Id*.

In the ensuing colloquy, the trial court initially stated that it was either "going to exclude" the witness or continue the omnibus hearing—and, if the latter occurred, it would be unlikely that the trial would proceed on the scheduled date. *Id*. The trial court also indicated that, if the prosecutor requested a continuance of the omnibus hearing, the court would be amenable to such a request. *Id*. Defense counsel then asked the trial court, "If you're going to order a continuance, may we at least have some—some direct and some cross with leave to present further direct and cross and further evidence at another hearing, so we can efficiently use as much time as we've got today[?]" The trial court agreed, heard testimony from the state's witness and another witness, and ruled on all the motions pending except the one, *viz.*, to exclude defendant's breath test result, that was the subject of the state's discovery violation. *Id*. at 222-23.

After so ruling, the trial court indicated that it wished to continue the hearing within the next few days so that it could adhere to the scheduled July 24, 2002, trial date. *Id*. at 223. Defense counsel responded that he had a conflict, because of a trial scheduled in another county, on Wednesday and Thursday, July 17 and 18, and that he did not "have any time until the day that's set for trial in this case." *Id*. When the trial court suggested Friday (July 19) or Monday (July 22), defense counsel replied, "Well, you know, I have a life." *Id*. In response, the court said that it would consider a "joint motion" for a continuance from the prosecution and defense.[6]

---

[6] Although not reflected in our recitation of the facts in *Allen I*, the following exchange subsequently ensued:

"[DEFENSE COUNSEL:] And may I suggest that we be in contact with your office for another date for a continuation, maybe to talk to you and/or your judicial assistant to pick a time?

*Id.* Defense counsel subsequently prepared an order providing, *inter alia*, "that the *State's* Motion to Continue the Omnibus hearing to a Mutually Convenient Later Date is ALLOWED." *Id.* (emphasis added). The court signed the motion. The hearing was next scheduled for October 25, 2002. *Id.* at 224.

As noted in *Allen I*, we were unable to determine how to properly allocate the majority of the delay between July 16 and October 25, 2002. As we observed there:

> "At the very least, six days of that delay—those days that the trial court was willing to continue the case on its own motion to allow defense counsel to prepare for [the Oregon State Police officer's] testimony—must be attributed to the state. However, it is unclear whether the balance of the delay beyond that time is properly attributed to (1) the state, as a continuing result of the discovery violation; (2) defendant, because of defense counsel's *unwillingness* to appear for a continuation of the omnibus hearing on Friday, July 19, or Monday, July 22, before the scheduled July 24 trial date; or (3) either the state or defendant because of reasons attributable to either party that prevented the scheduling of a 'mutually convenient' date for continuing the omnibus hearing, until October 25, 2002."

*Id.* at 230 (emphasis added). Consequently, as described above, we remanded for the trial court to determine "the extent to which the delay between July 16 and October 25, 2002, [was] attributable to either or both of the parties," *id.*, and to render a disposition (*e.g.*, dismissal or reinstatement of defendant's conviction) consonant with that determination.

Before recounting what occurred on remand, we pause to reiterate two salient assumptions—one explicit in

---

"THE COURT: Mm-hmm, that would be fine.

"* * * * *

"THE COURT: All right, I'll leave it up to you two to decide when and where; contact my office at your convenience. Let's not make it too long, because you know how the memory is.

"[PROSECUTOR:] Sure—

"[DEFENSE COUNSEL:] I want to warn you that I'm totally booked up until August, and then in August I'm on vacation for the month."

*Allen I,* and the other, implicit—that underlay and informed our remand. *First,* if the 101-day period were entirely attributable to the state, the overall period of delay attributable to the state (roughly 15 months) would be unreasonable for purposes of ORS 135.747. 205 Or App at 228-29. *Second,* the determination of whether defense counsel was *unwilling* to appear for a continuation of the omnibus hearing on either Friday, July 19, or Monday, July 22—which would have permitted the trial to proceed as scheduled on July 24—was critical to a determination of whether the delay between July 24 and October 25, 2002, when the omnibus hearing was ultimately continued, was attributable to the defense, and not the state.

In retrospect, the latter, implicit assumption could have, and should have, been better amplified in *Allen I.*[7] The distinction between whether defense counsel was merely *unwilling* to appear for a rescheduled continuation of the omnibus hearing necessitated by the state's discovery violation, as opposed to *unable* to do so because of other, prior commitments, is potentially dispositive. Most concretely, for purposes of attribution of comparative responsibility for pretrial delay, if the continuation of the omnibus hearing necessitated by the state's discovery violation could have occurred before the scheduled trial date and defense counsel could have appeared, but refused to do so, the consequent delay would be properly attributed to defendant. Conversely, where the state's discovery violation necessitated an unanticipated continuation of the omnibus hearing, if defense counsel was unable to appear for such a continuation before the scheduled trial date because of preexisting commitments and conflicts, responsibility for the consequent delay, including that resulting from rescheduling the trial, is properly attributable to the state.

On remand, following *Allen I,* the only additional evidence adduced as to the relative responsibility for the 101-day interval was an uncontroverted affidavit by defense counsel. In that affidavit, counsel averred that he had preexisting trial and pretrial proceeding commitments in the

---

[7] *Cf. Corgain v. Board of Parole,* 213 Or App 407, 417, 162 P3d 990 (2007) (" 'Reading' appellate remands can be as reliable as reading entrails.").

Portland metropolitan area between Wednesday, July 17, and Friday, July 19, 2002. Counsel further averred that he had a previously scheduled meeting with a client in Oregon City on the afternoon of Monday, July 22, and a previously scheduled sentencing hearing for another client in Washington County early on the afternoon of Tuesday, July 23—the day before the scheduled trial date in this case.

Defendant argued that the 101-day delay should not be attributed to him because his trial counsel's prior commitments rendered him *"unable,* and not *unwilling,"* to appear for a continuation of the omnibus hearing before the July 24, 2002, trial date. (Boldface omitted; defendant's emphasis.) As for the balance of the delay after July 24, defendant argued that the state had not met its burden of proving that that delay was reasonable. In response, the state argued, among other things, that, because the omnibus hearing could not be scheduled for Friday, July 19, or Monday, July 22, 2002, due to defense counsel's prior commitments, or during the month of August because of defense counsel's planned vacation, defendant should bear primary responsibility for the delay beyond the July 24 trial date. Moreover, the state contended that the delay should not accrue to the state because defense counsel drafted the order continuing the hearing and took primary responsibility for rescheduling it and because the trial court did not intend to sanction the state with a continuance beyond the July 24 trial date.

The trial court denied defendant's renewed motion to dismiss on statutory speedy trial grounds and, consequently, reinstated the DUII conviction. In a letter opinion, the trial court rendered the following "findings":

"(1) Clearly[,] the delay from July 16[ ] through July 22[ ], 2002[,] is attributable to the state based upon the discovery violation.

"(2) That the colloquy on the record indicates that the defense was *unable **or** unwilling* to accommodate the dates offered by the court for the continuation of the hearing and thus the hearing was not rescheduled until October 25, 2002.

"(3) There was no actual motion to continue filed by the state continuing the July 16, 2002 hearing.

"(4) That even if the delay from July 16[ ] to October 25, 2002[,] were attributable to the state, this court finds the reasons for the delay were not unreasonable.

"(5) The case was not languishing in the system, the delays were caused by witness availability, change of personnel in the District Attorney's office, and the schedules of both an out-of-county judge and defense attorney."

(Emphasis and boldface added.) The trial court later recast its letter opinion as a judgment denying defendant's motion to dismiss and reinstating his conviction, and it is from that judgment that defendant now appeals.[8]

On appeal, defendant contends that the trial court's findings and disposition do not comport with our directions on remand in *Allen I*. In particular, defendant asserts that the trial court bypassed our instruction that it was to first "determine * * * the extent to which the delay between July 16 and October 25, 2002, is attributable to either or both of the parties" based on an assessment of, *inter alia*, whether defense counsel had been "unwilling" to appear for a continuation of the omnibus hearing before the scheduled trial date. *Allen I*, 205 Or App at 230. In that regard, defendant emphasizes that the trial court's sole finding with respect to scheduling a continuation of the omnibus hearing was that "the defense was unable *or* unwilling to accommodate the dates offered by the court." (Emphasis added.) Defendant reasons, in part, that the record, as developed on remand, discloses uncontroverted evidence that defense counsel was unable to appear for a continuation of the omnibus hearing before the scheduled trial date—and that, given the absence of evidence that defendant had consented to any part of the delay between July 24 and October 25, responsibility for the entire 101-day period is attributable to the state, rendering the total period of delay unreasonable. *See Allen I*, 205 Or App at 228 ("If that time is entirely attributable to the state, the delay would be approximately 15 months, which, in the

_____

[8] The trial court's letter opinion was initially reduced to an order (not a judgment) denying defendant's motion to dismiss, which was entered on November 15, 2006. Defendant appealed from that order, and we subsequently, to rectify the jurisdictional defect, remanded the case to the trial court to enter an appealable judgment under ORS 19.270(4). The trial court did so, and defendant filed an amended notice of appeal from that judgment.

circumstances presented here, would be 'unreasonable' for purposes of ORS 135.747."). Finally, defendant contends that, in the event that we determine that the delay is entirely attributable to the state, there is no evidentiary support for affirming the trial court on the alternative basis that, pursuant to ORS 135.750, there was "sufficient reason" to continue the case notwithstanding that unreasonable delay.

As amplified below, because the uncontroverted evidence developed on remand shows that defendant was "unable"—and not unwilling—to reconvene the omnibus hearing before the July 24 trial date, we conclude that the state was responsible for the reset of the trial. Further, in the absence of any evidence that defendant consented to the ensuing three-month delay in continuing the omnibus hearing, the entire 101-day delay between July 16 and October 25, 2002, is attributable to the state. Accordingly, the total period of delay attributable to the state was unreasonable under ORS 135.747. *Allen I*, 205 Or App at 228. Finally, because the state presented insufficient evidence showing that there was "sufficient reason" under ORS 135.750 to continue the case despite that unreasonable delay, we hold that the trial court erred in denying defendant's motion to dismiss the case.

 We begin with the relevant statutory speedy trial provisions, ORS 135.747 and ORS 135.750. ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

ORS 135.750 provides, in part:

"If the defendant is not proceeded against or tried, as provided in * * * ORS 135.747, and sufficient reason therefor is shown, the court may order the action to be continued * * *."

Construed together, ORS 135.747 and ORS 135.750 impose a two-step analysis for assessing alleged statutory speedy trial violations. *State v. Johnson*, 342 Or 596, 615-16, 157 P3d 198 (2007), *cert den*, 552 US 1113 (2008). *First*, the

trial court must determine whether the delays in the case are attributable to either the defendant or the state and decide whether the defendant was brought to trial "within a reasonable period of time." *State v. Johnson*, 339 Or 69, 75, 116 P3d 879 (2005). In deciding what is "reasonable," the court must examine "all the attendant circumstances" of that delay, including the length of the delay and the reasons for it. *Id.* at 88. *Second*, if the court finds that the delay was unreasonable, it should then consider whether there is "sufficient reason" to continue the case despite the delay. *Id.* at 75-76, 90-91. *If* "sufficient reason" appears in the record not to dismiss the case despite the delay, the trial court may exercise its discretion to continue the case. *Id.* at 86-87. A "sufficient reason" is one "that has some relevance to, and does not essentially undermine, the overall purpose of [the speedy trial statutes]," which is to prevent cases from "languishing in the criminal justice system" and to provide a "housecleaning" mechanism for trial court dockets. *Id.* at 90-91 (internal quotation marks omitted). Additionally, "a 'sufficient reason' under ORS 135.750 requires that the delay be attributable to some specific circumstance or policy that outweighs the general determination of unreasonableness made under ORS 135.747." *State v. Spicer*, 222 Or App 215, 220, 193 P3d 62 (2008). The questions of whether a delay is "reasonable" under ORS 135.747 and whether "sufficient reason" exists on the record to continue a case under ORS 135.750 are questions of law. *Johnson*, 339 Or at 86-87.

■■ It is the state's burden to bring a defendant to trial within a reasonable time. *Id.* at 93, 95; *see also State v. Ayers*, 207 Or App 668, 689, 143 P3d 251, *rev den*, 342 Or 253 (2006) ("ORS 135.747 does, in fact, place a burden on the state to bring a defendant to trial within a reasonable period of time * * *."). Accordingly, delays that a defendant did not apply for or consent to are attributable to the state. ORS 135.747; *Ayers*, 207 Or App at 689. A defendant's consent to a delay must be express; his or her implicit consent or failure to object to a postponement by the state or by the trial court to accommodate other judicial priorities is not enough. *State v. Adams*, 339 Or 104, 109, 116 P3d 898 (2005) (concluding that "consent" in ORS 137.747 means "express consent"); *accord*

*State v. Garcia/Jackson*, 207 Or App 438, 449, 142 P3d 501 (2006).

■ Additionally, because it is the state's burden to bring a defendant to trial within a reasonable time, the state must demonstrate that the delays attributable to it were justified. Thus, where the state fails to show, on the record, that there was "good reason" for a delay, the delay is deemed unreasonable. *Johnson*, 339 Or at 88-89 ("In the absence of any explanation for such an extended delay, we must agree * * * that, as a matter of law, the state failed to bring defendant to trial within a 'reasonable period of time' under ORS 135.747."); *State v. Davids*, 339 Or 96, 103, 116 P3d 894 (2005) (concluding that a delay of 11 1/2 months was unreasonable given, *inter alia*, "the state's failure to offer any reasons for that delay to the trial court, and the lack of factual support in the record for the state's present explanation to this court"); *see also State v. Andrews*, 226 Or App 503, 512, 204 P3d 140 (2009) (concluding that delays resulting from state-initiated set-overs were unreasonable where the record did not contain an adequate explanation justifying the length of the resulting delays—some which were as long as five months).

■ Here, the responsibility for rescheduling the July 24 trial date, and for the consequent three-month delay in continuing the omnibus hearing, rests squarely, and solely, on the state. But for the state's discovery violation, the July 16 omnibus hearing would have been completed, and the July 24 trial would have proceeded as scheduled. Further, but for that discovery violation, there would have been no need to continue the omnibus hearing, creating a circumstance in which the only remaining pretrial dates were ones on which defense counsel was unable to participate because of prior commitments. Finally, with respect to the period after July 24, there is no evidence that defendant either expressly consented to the October 25 date or actively and successfully opposed any effort by the state to schedule the continued hearing for some earlier date.[9]

_____

[9] As noted, at the time of the original July 16, 2002, colloquy about continuation of the omnibus hearing, defense counsel had indicated that he was going to be on vacation during August. 234 Or App at 248-49 n 6. No evidence was adduced on remand that the state was prepared to proceed with the continued omnibus

In sum, it was the state's discovery violation that caused the rescheduling of the July 24 trial date and the consequent delay from July 24 to October 25, 2002. Moreover, the state offered no justification for that three-month delay.[10] Accordingly, we conclude—consistently with our opinion in *Allen I*, 205 Or App at 228—that the total delay attributable to the state, "approximately 15 months," is, "in the circumstances presented here, * * * 'unreasonable' for purposes of ORS 135.747." We emphasize that our conclusion that the 15-month delay attributable to the state was "unreasonable" for purposes of ORS 135.747, under the circumstances of *this* case. In particular, we note that much of the earlier delay in the case involved continuances granted for the convenience of the prosecutor, *see Allen*, 205 Or App at 221, and that the three-month delay that is the subject of the present appeal was necessitated because of a discovery violation by the state. In determining whether a delay was "unreasonable," we look not only at the length of the delay but the reasons for it. *Johnson*, 339 Or at 88. Delays due to discovery violations or the convenience of prosecutors weigh more heavily in the balance than do delays necessitated, for example, by unforeseen illness of witnesses or unavoidable docket congestion.

Given that conclusion, we must address, finally, whether the trial court's denial of defendant's motion to dismiss and reinstatement on remand of his conviction should nevertheless be affirmed as being ultimately predicated on a proper exercise of its discretion under ORS 135.750, *viz.*, that "sufficient reason * * * [was] shown [for] * * * the action to be continued." The state urges that, although the trial court's disposition on remand did not explicitly invoke ORS 135.750, the court's determination that the "reasons for the delay were not unreasonable" and its description of the causes of some of

---

hearing at any time before October 25 or proposed any earlier date, after July 24, much less that defendant objected to any such proposal.

[10] The trial court's references in its finding (5) that "the delays were caused by witness availability, change of personnel in the District Attorney's office, and the schedules of both an out-of-county judge and defense attorney" related to matters, as described in *Allen I*, corresponding solely to the other 11 1/2 months of delay attributable to the state. *See* 205 Or App at 228. There is no evidence in the record, including any evidence adduced following remand, that such circumstances pertained to, and justified, the 101-day interval.

the delay in its fifth finding evince such an exercise of discretion.

Even assuming, without deciding, that the trial court acted pursuant to ORS 135.750, we conclude that the circumstances disclosed on this record did not establish "sufficient reason" to warrant the invocation of ORS 135.750. We fully acknowledge that, notwithstanding the recent proliferation of statutory speedy trial decisions applying ORS 135.747, the relationship between that statute and ORS 135.750 remains uncertain and, perhaps, inscrutable. That is, when, notwithstanding that there has been such unreasonable delay in bringing a defendant to trial as to warrant dismissal under ORS 135.747, is there "sufficient reason" under ORS 135.750 to continue the case and deny dismissal? The matter is further muddled by the fact that, in practice, both the "unreasonable delay" and "sufficient reason" inquiries require an assessment of the reasons for delay attributed to the state and, hence, are overlapping, albeit not congruent.

Nevertheless, as we and the Supreme Court have endeavored to explain, "sufficient reason" under ORS 135.750 refers to conditions or circumstances that are distinct from those commonly associated with delays triggering the docket-regulating protections of ORS 135.747. Otherwise, resort to ORS 135.750 could completely abrogate the operation of ORS 135.747. *Accord Johnson*, 339 Or at 90 ("[A] 'sufficient reason' not to dismiss is one that has some relevance to, and does not essentially undermine, the overall purpose of [the speedy trial] statutes."); *Spicer*, 222 Or App at 220 ("[A] 'sufficient reason' under ORS 135.750 requires that the delay be attributable to some specific circumstance or policy that outweighs the general determination of unreasonableness made under ORS 135.747.").

Here, the reasons for delay identified by the trial court—*viz.*, "witness availability, change of personnel in the District Attorney's office, and the schedules of both an out-of-county judge and defense attorney"—are no different in type or degree than those which routinely give rise to delays triggering the operation of ORS 135.747. To deem such circumstances "sufficient reason" for a continuance under ORS

135.750 would "essentially undermine[ ] the overall purpose of" the speedy trial statutes. *Johnson*, 339 Or at 90.

Defendant was not "brought to trial within a reasonable period of time," ORS 135.747, and there was no "sufficient reason" shown for this action to be continued. Accordingly, the trial court erred when it denied defendant's motion to dismiss on statutory speedy trial grounds.

Reversed.