Submitted February 24, reversed September 29, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LINH THAT CAM TON,
*Defendant-Appellant.*

Multnomah County Circuit Court
070545874; A140147

241 P3d 309

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for one count of criminal mischief in the second degree, ORS 164.354, and one count of unlawful entry into a motor vehicle, ORS 164.272. He assigns error to the trial court's denial of his motion to dismiss on speedy trial grounds under ORS 135.747. On review for errors of law, *State v. Dixon*, 224 Or App 66, 68, 197 P3d 1106 (2008), *rev den*, 346 Or 10 (2009), we agree with defendant and reverse.

The relevant facts are undisputed. On April 21, 2007, the victim saw defendant reaching into the cab window of the victim's camper truck. After the victim confronted defendant, defendant fled the scene. The victim then noticed that the cab window was broken. Later that day, defendant was arrested and cited.

On May 14, 2007, the state filed an information, charging defendant with two misdemeanors, criminal mischief in the second degree, ORS 164.354, and unlawful entry into a motor vehicle, ORS 164.272. The trial court arraigned defendant on May 16, 2007, setting an original trial date of June 27, 2007. The state requested a set over on June 13, 2007; the court granted the request, rescheduling the trial to July 9, 2007. On June 29, 2007, defendant requested a set over. The court granted the request, moving the trial to August 13, 2007.

On July 20, 2007, the trial court allowed the misdemeanor case to "track" a related felony charge. The court in the felony case set over the felony trial on August 10, 2007, at the request of the state. Defendant pleaded guilty to the felony charge on September 4, 2007, and the court sentenced defendant on November 6, 2007.

After the felony conviction, more than eight months passed, during which no action was taken on the misdemeanor charges against defendant. On July 11, 2008, the trial court scheduled a hearing for August 6, 2008, to determine a future trial date. On August 27, 2008, defendant filed a motion to dismiss on speedy trial grounds, arguing that the delay violated both Article I, section 10, of the Oregon Constitution and the statutory speedy trial requirement of

ORS 135.747. The state conceded that the length of delay was longer than average, stating that the delay in placing the case back on the misdemeanor docket was a mistake caused by a "mix-up." Still, the state argued that the total delay was reasonable. Although the trial court agreed that this case "sort of slip[ped] through the cracks," it denied defendant's motion on both grounds. Defendant ultimately was tried and convicted on September 3, 2008, approximately 15.5 months after he was charged.

■ On appeal, defendant argues that the trial court erred in not finding that the delay violated the statutory speedy trial requirement of ORS 135.747. That statute provides:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

The Oregon Supreme Court decided a trilogy of cases in 2005 that, when read together, set out a three-step process for determining whether the state has violated the statutory speedy trial requirement of ORS 135.747. *State v. Adams*, 339 Or 104, 116 P3d 898 (2005); *State v. Davids*, 339 Or 96, 116 P3d 894 (2005); *State v. Johnson*, 339 Or 69, 116 P3d 879 (2005). First, we must determine the total amount of delay and then subtract any delays that the defendant requested or consented to. *State v. Garcia/Jackson*, 207 Or App 438, 444, 142 P3d 501 (2006). Second, if the remaining delay is longer than what ordinarily would be expected to bring a defendant to trial, we must determine whether the delay was unreasonable. *Id.*; *see also Johnson*, 339 Or at 88. Third, if that delay was unreasonable, we may nevertheless allow the case to proceed if the state shows "sufficient reason" not to dismiss the indictment. ORS 137.750; *Garcia/Jackson*, 207 Or App at 444.

■ Turning to this case, we begin by determining the total amount of delay. Defendant contends that the relevant time period begins on April 21, 2007, the date that he received the misdemeanor citation, or, alternatively, on May 14, 2007, the date upon which the state filed the information.

The state argues that, at least in this case, the proper date to begin counting is May 16, 2007, because defendant conceded at trial that the date of arraignment is the date the speedy-trial clock begins to run. The state is correct. *See Dixon*, 224 Or App at 72-73 (finding that state did not preserve the argument that the relevant beginning date under the speedy trial statute was the date the information was filed because the state used the date of the original indictment before the trial court and such use "induced" the trial court's ruling).

We turn to the question whether defendant consented to or requested any of the delays that occurred between the date of arraignment, May 16, 2007, and the date of trial, September 3, 2008. *See State v. Cunningham*, 232 Or App 135, 140, 221 P3d 165 (2009) ("If the defendant did not apply for or consent to a delay, that delay is part of the period included in the statutory calculation of reasonableness."). Both parties agree that the first 44 days, from May 16, 2007, the date of arraignment, to June 29, 2007, the date of defendant's request for a set over, are attributable to the state. They also agree that defendant consented to the 21 days of delay that resulted from his set-over request, June 29, 2007 through July 20, 2007.

Next, we agree with the trial court that the 109 days from the date the misdemeanor charges began to track the felony case, July 20, 2007, to the date of the felony sentencing, November 6, 2007, are attributable to defendant. ORS 135.747 provides that any postponement that the defendant requests or expressly consents to will be attributed to the defendant. *Garcia/Jackson*, 207 Or App at 448. On appeal, defendant admits that he consented to the tracking order. As such, defendant consented to the *entire* tracking period.

Last, the parties do not dispute that defendant did not request or consent to any delays from November 6, 2007, the final date the misdemeanor tracked the felony case, to September 3, 2008, the date of defendant's misdemeanor trial.

■ In summary, of the 476 days from arraignment on May 16, 2007, to the trial on September 3, 2008, defendant consented to or requested 130 days of delay, leaving 346 days (approximately 11.5 months) of unconsented delay.

We turn to whether that period is longer than what ordinarily would be expected to bring defendant to trial on his misdemeanor charges. *See Johnson,* 339 Or at 88. Under the Standards for Timely Disposition adopted by the Oregon Judicial Conference, " '90% of all misdemeanors, infractions and other nonfelony cases should be adjudicated * * * within 90 days from the date of arraignment, 98% within 180 days and 100% within one year, except for exceptional cases in which continuing review should occur.' " *State v. Brunoe,* 204 Or App 749, 756, 131 P3d 743, *rev den,* 341 Or 245 (2006) (quoting *State v. Emery,* 318 Or 460, 471 n 17, 869 P2d 859 (1994)). Although the 11.5-month delay technically does not exceed the outer limits of acceptability under the above standards, those standards strongly indicate that only a small minority of misdemeanor cases—two percent—should take longer than six months. The state conceded at trial that this case had continued for longer than average. As such, the delay in bringing defendant to trial was longer than ordinarily would be expected. Accordingly, we must examine the circumstances to determine whether the delay was reasonable. *Johnson,* 339 Or at 88.

■      "There is no precise formula for determining whether a particular delay is reasonable." *State v. Myers,* 225 Or App 666, 674, 202 P3d 238, *rev den,* 346 Or 184 (2009). Our analysis focuses on the circumstances that caused the delay. *Adams,* 339 Or at 110. Generally, "the acceptability of the total delay in a case is influenced by the extent to which it is justified. The longer the total delay is, the shorter any unjustified portion may be." *Myers,* 225 Or App at 677.

For example in *Myers,* we held that an 18-month delay attributable to the state was reasonable because all delays were caused by "routine scheduling delays" and "lack of judicial resources." *Id.* at 677-78. On the other hand, in *State v. Spicer,* 222 Or App 215, 221-23, 193 P3d 62 (2008), a total delay of 17.25 months was unreasonable because the state provided no reasonable explanation for nine months of that delay, roughly half the life of the case. *See Myers,* 225 Or App at 675-76 (discussing delay in *Spicer*). Also, in *Brunoe,* we held that a delay of 12 months attributed to the state in a misdemeanor case for which the state provided no justification was not "reasonable" under ORS 135.747. 204 Or App at

758-59 (though the delay was unreasonable, the court held that there was a "legally sufficient reason for the court to exercise its discretion to continue defendant's case pursuant to ORS 137.750 rather than to dismiss the case due to unreasonable delay").

■        Ultimately, we determine reasonableness by examining the "attendant circumstances" for the delay and focusing on the portion of unexplained delay. *Cunningham*, 232 Or App at 146-47 (holding that a 15-month delay, of which four months were unexplained, was reasonable); *see also State v. Bayer*, 229 Or App 267, 279, 211 P3d 327, *rev den*, 347 Or 446 (2009) (holding that a nine-month delay, of which 20 days were requested by the defendant and the remaining time was for routine delays, was reasonable); *Dixon*, 224 Or App at 75-76 (holding that a 14-month delay, of which six were due to routine delays and eight were due to lack of judicial resources, was reasonable). *But see Davids*, 339 Or at 101-02 (holding that 11.5 months of unconsented and unjustified delay between indictment and arraignment was unreasonable).

As we have noted, the total delay attributable to the state is 346 days, approximately 11.5 months. Defendant points out, and the state acknowledges, that between the felony sentencing on November 6, 2007, and the next court action on July 11, 2008, 248 days of delay (approximately eight months and 71 percent of the total delay) occurred for which the state can provide no reasonable explanation. The trial court found that this case "sort of slip[ped] through the cracks"; put another way, the delay was "the product of simple neglect." *Davids*, 339 Or at 101. We conclude that an eight-month delay caused by simple neglect is unreasonable under ORS 135.747.

■        Because the delay was unreasonable, the court may allow the case to proceed if the state shows "sufficient reason" not to dismiss the indictment. *Garcia/Jackson*, 207 Or App at 444. Because nothing in the record suggests that the delay was due to any special circumstance or policy, there is no sufficient reason on this record for the court to have continued the case under ORS 135.750. Therefore, we reverse.

Reversed.