Argued and submitted November 8, reversed December 29, 2010

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# JOSHUA DEVAIN DOBSON,
*Defendant-Appellant.*

Beaverton Municipal Court
UC7218221; A142144

245 P3d 704

Larry J. Blake, Jr., argued the cause and filed the brief for appellant.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals an amended judgment of conviction for misdemeanor driving while suspended (DWS). ORS 811.182. He assigns error to the denial of his motion to suppress evidence obtained from his encounter with the police that led to his conviction and to the denial of his motion to dismiss the case for failure to give him a speedy trial, as required by ORS 135.747.[1] We review the ruling on the motion to dismiss for legal error, *State v. Cunningham*, 232 Or App 135, 139, 221 P3d 165 (2009), and agree with defendant that the trial court erred in denying his motion to dismiss on statutory speedy trial grounds. Accordingly, we reverse the judgment, which renders defendant's assignment of error concerning the suppression motion moot.

The relevant facts are procedural. Defendant was issued a uniform citation and complaint for misdemeanor DWS on December 26, 2007, and he was arraigned on the charge on January 14, 2008. He did not receive a trial on the charge until April 30, 2009, and, thus, experienced a total delay of approximately 16 months between issuance of the complaint and trial. *See State v. Adams*, 339 Or 104, 110 n 5, 116 P3d 898 (2005) ("[T]he clock begins to run, for purposes of the 'reasonable period of time' determination of ORS 135.747, when the defendant is 'charged with a crime.' "). Of the total delay, the state was responsible for a little over 13 months of it. That portion represents delay that defendant did not request and to which he did not consent. The state concedes that there is no explanation for roughly six months of the delay for which it is responsible.

We conclude that this case is, in its essential features, indistinguishable from *State v. Ton*, 237 Or App 447, 241 P3d 309 (2010). In *Ton*, the defendant was convicted of two misdemeanors roughly 15.5 months after being charged with those crimes. The state was responsible for roughly 11.5 months of unconsented delay, and it was unable to

---

[1] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

provide any explanation for eight months of that delay. *Id.* at 453. Based on those circumstances, we concluded "that an eight-month delay caused by simple neglect is unreasonable under ORS 135.747." *Id.*

Similar to the defendant in *Ton*, here defendant was charged with a misdemeanor and experienced an almost identical overall delay and period of delay attributable to the state. Under those circumstances, we conclude that the difference between six and eight months of unexplained state-caused delay is immaterial. *Cf. Cunningham*, 232 Or App at 137, 143, 147 (15-month unconsented delay before trial on the defendant's *felony* criminal charge, which included a four-month unexplained delay, was insufficient to justify a statutory speedy trial dismissal). Accordingly, we conclude that the trial court erred in denying defendant's motion to dismiss under ORS 135.747.

Reversed.