Submitted February 22, reversed April 4, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELI JOSEPH O'DELL,
*Defendant-Appellant.*

Josephine County Circuit Court
001279M; A146349

274 P3d 894

Peter Gartlan, Chief Defender, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Presiding Judge, and Gillette, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals his convictions for DUII, ORS 813.010, and failing to perform the duties of a driver, ORS 811.700. He argues that the trial court erred by denying his motion to dismiss the charges against him on the ground that the nine and a half year period between his indictment and his trial violated his statutory right to a speedy trial.[1] ORS 135.747.[2] Defendant acknowledges that the majority of the delay in this case is attributable to him: defendant was incarcerated most of the time between indictment and trial. However, defendant points to several periods of delay, totaling 15 months, which he argues are attributable to the state and suffice to establish a violation of ORS 135.747.

The state concedes that the 15 months of delay identified by defendant are attributable to it, and further concedes that, because defendant was indicted for misdemeanor crimes, a cumulative delay of 15 months is "presumptively unreasonable" in the absence of a "reasonable explanation." *See, e.g., State v. Ton*, 237 Or App 447, 453, 241 P3d 309 (2010) (eight months of unexplained delay was unreasonable under ORS 135.747 where the state offered no reasonable explanation for the delay). The state candidly acknowledges that it has no explanation for the 15 months of delay that are attributable to it here.

We find the state's concession to be well-founded, and we accept it. Accordingly, we conclude that the trial court erred by denying defendant's motion to dismiss.

Reversed.

---

[1] Defendant has not raised an argument under the Oregon Constitution.

[2] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."