Argued and submitted August 19, 2015, reversed and remanded for entry of judgment of dismissal February 3, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MICHAEL LEE BARNES,
*Defendant-Appellant.*

Union County Circuit Court
M18837; A155307

366 P3d 1198

John Evans, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

DEVORE, J.

**DEVORE, J.**

Defendant appeals his convictions for driving under the influence of intoxicants (DUII), ORS 813.010; reckless driving, ORS 811.140; and misuse of a special left turn lane, ORS 811.346. Defendant argues that the trial court erred in denying his motion to dismiss for lack of a speedy trial.[1] We conclude that, of the total 19-month delay, about 18 months were attributable to the state and that the delay was unreasonable. Accordingly, we reverse and remand for entry of a judgment of dismissal.

We begin with the procedural history and the timeline that the trial court developed in its findings of fact. On December 30, 2011, defendant was arrested on charges of DUII and reckless driving. He was issued citations for misuse of a special left turn lane and driving uninsured. He was taken into custody and soon released. Conditions of his release included random urinalysis tests.

On January 27, 2012, the state filed an information alleging that defendant's conduct constituted DUII and reckless driving. On January 31, 2012, defendant was arraigned, and a plea date was set in April 2012.

On March 29, 2012, defense counsel requested an extension of the plea date because the state had not provided complete discovery.

On April 23, 2012, a hearing was held regarding defendant's request to reduce the frequency of random urinalysis because the tests interfered with his job. The court reduced the tests to once per week.

On May 3, 2012, defendant pleaded not guilty. On June 8, 2012, the court set an "alternate" trial date for December 13, 2012.

On September 27, 2012, the state filed an amended information, adding Counts 3 and 4; those counts reflected the traffic violations for which defendant was cited at the time of his arrest. On October 9, defendant was arraigned on the amended information and again pleaded not guilty.

---

[1] We reject without discussion defendant's remaining assignment of error.

On December 12, 2012, defendant's December 13 trial was removed from the docket due to a first-priority trial of another case.

The court later scheduled a status conference for January 15, 2013, because the parties were negotiating a settlement. On January 15, 2013, defendant rejected the state's offer, and the matter was set for a one-day jury trial.

In February, the court set an "alternate" date for a jury trial for May 30, 2013, and a first-priority trial date for September 4, 2013. In March, the court set a first-priority trial date for June 13, 2013, and removed the May and September dates from the docket.

On May 20, 2013, defendant requested an amended settlement offer and the state provided one.

On May 31, 2013, the state filed a motion to continue the June 13, 2013, trial due to the deputy district attorney's (DDA) scheduled vacation. Defendant later objected to that motion.

On June 3, 2013, the court granted the state's motion for a continuance. The same day, defendant filed a motion to dismiss for lack of a speedy trial.

On June 4, 2013, a preliminary hearing was held on the motion to dismiss. At that time, defendant rejected the state's May 20 offer. The court eliminated the release condition requiring mandatory random urinalysis. The court removed the June 13 trial date from the docket because the state was unavailable and because the DDA's vacation schedule did not permit hearing the motion to dismiss prior to the trial date.

On July 10, 2013, a hearing was held on defendant's motion to dismiss. One week later, the trial court issued a written opinion denying defendant's motion to dismiss. In it, the court determined the total delay, attributed portions of the delay to the parties, and determined whether that delay was reasonable. The court outlined the procedural history of the case in findings of fact. The trial court determined that approximately 16 months had elapsed since defendant's arraignment date, which it stated was the correct starting

point for a speedy trial analysis.[2] The court concluded that five weeks of delays were caused by the state and were unreasonable: a 30-day extension from April to May 2013, which was due to the state's failure to provide discovery, and "one week beyond the normal 30-day period a case remains in the set room." The court also concluded that one month of the delay, between December 2012 and January 2013, was not attributable to either party because both had consented to allow time for settlement negotiations.

The court determined that the remaining 14 months of delay were "attributable to a combination of * * * circumstances * * * which resulted in a significant lack of judicial resources, and routine scheduling issues that are always present in a jurisdiction with three courtrooms, two judges, and a heavy case load." The court considered the reasons for the delay and determined that the state "did not act in bad faith" and that the delay was not "shockingly long or manifestly excessive." The court did acknowledge that the delay was longer than normal for this type of case. The court reasoned that there had not been an unexplained delay, the case had never been overlooked, but rather, there was documentation "at least every two months" that there was "activity * * * focused on moving [the case] toward conclusion."

To determine if defendant's statutory speedy trial rights had been violated, the court drew on *State v. Johnson*, 339 Or 69, 95, 116 P3d 879 (2005), and applied a two-step process: (1) whether the delay was reasonable, and, (2) if unreasonable, whether there was sufficient reason shown in the record of the delay. Having found that, of the 16-month delay, only five weeks were unreasonable, the court concluded that there was sufficient reason for the delay. The trial court found that there had been a significant backlog of cases due to a lack of judicial resources caused by a prior judge being on administrative leave and an insufficient assignment of visiting judges. The court considered that that delay was reasonable because the case was never left unattended and was before the court for conferences and

---

[2] The trial court did not identify an end date in its calculation. We assume that the court counted from January 31, 2012 to June 3, 2013, the date of defendant's motion to dismiss, because that period of time totals 16 months.

hearings at least every two months. The court noted that, with the exception of the brief period that defendant spent in jail on the morning of his arrest, defendant had not been in custody throughout the pendency of the case, so he was not harmed in the delay. Weighing all the circumstances, the court concluded that the 16-month delay was reasonable. The court denied defendant's motion to dismiss for violation of the statutory right to a speedy trial. In the opinion, the court stated that the next available "prime" trial date was September 4, 2013.

Defendant assigns error to the trial court's denial of his motion to dismiss for lack of a speedy trial on statutory and constitutional grounds. We address only defendant's statutory argument and review for legal error. *Johnson*, 339 Or at 82-86.

The statutory right to a speedy criminal trial, provided by *former* ORS 135.747 (2011), *repealed by* Or Laws 2013, ch 431, § 1,[3] stated:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

Under that statute, we review a trial court's motion to dismiss using a two-step analysis. *State v. Ellis*, 263 Or App 250, 251, 328 P3d 720 (2014). First, we determine the total period of delay and calculate the delay that is attributable to the state or the delay the defendant did not request or to which he did not consent. *State v. Glushko/Little*, 351 Or 297, 305, 266 P3d 50 (2011). Second, if the delay is longer than "ordinarily would be expected," we must determine whether the delay is reasonable. *Johnson*, 339 Or at 88. "We look to the reasons for the delay, the length of the total delay attributable to the state, and the length of any portion

---

[3] Although the repeal of *former* ORS 135.747 applies to "all criminal proceedings, regardless of whether the case is pending on or the prosecution was initiated before April 1, 2014," Or Laws 2013, ch 431, § 4, the repeal provision does not apply to pending appeals from cases in which the trial court denied the defendant's motion to dismiss under *former* ORS 135.747. *State v. Straughan (A147718)*, 263 Or App 225, 231-35, 327 P3d 1172 (2014).

of the delay that was unjustified." *State v. Wendt*, 268 Or App 85, 96, 341 P3d 893 (2014) (internal quotation marks omitted).

We first determine the total period of delay. That task requires us to resolve the parties' dispute over the correct method of calculating the total period of delay. Defendant argues that the total delay in this case was nearly 19 months, beginning with the date the state filed the charging instrument and ending with the trial date. In response, the state contends that defendant waived his argument that the total delay extends to the trial date, because his motion to dismiss was based on an earlier trial date and the trial court essentially adopted that date in its opinion. The state further argues that defendant did not preserve the argument that the delay extends to the later trial date because defendant did not amend his motion to include that time period and defendant never objected to the trial court's calculation at trial.

To support that assertion, the state relies on *State v. Lee*, 234 Or App 383, 387, 228 P3d 609 (2010), where we concluded that the court did not err in its calculation of the total delay when it relied on the defendant's assertion in his motion to dismiss that the total delay ended with the date of his motion, and he did not renew his motion to dismiss on the date of trial with the trial date (five days later). In response, defendant relies on *Ellis*, 263 Or App at 252, which states that, "[t]he total period of delay begins when a defendant is charged and ends on the last date set for trial."

We agree with defendant that the correct calculation in a statutory speedy trial analysis for the total period of delay begins "when a defendant is charged" and ends "on the last day set for trial." *Id.* Here, defendant understandably relied on "the currently scheduled trial date," June 13, in his June 3 motion to dismiss. On July 10, the date the motion was argued, a new trial date had not been set, and defense counsel acknowledged that it was unclear how much longer the case would be delayed. Those circumstances do not suggest waiver of the proper method by which to calculate delay.

In its July 17 written opinion, the court stated that, "[a]pproximately 16 months have elapsed since defendant's arraignment" and found that "the date of defendant's arraignment on the information" was the "correct starting point for an analysis under speedy trial provisions." Presumably, the court was counting from January 31, 2012, defendant's arraignment, to June 3, 2013, defendant's motion to dismiss, to arrive at that calculation. As it happens, the trial court erred in beginning the calculation from the date of arraignment; the correct calculation begins with the date the charging instrument is filed—January 27, 2012. *Johnson*, 339 Or at 91-93 (delay is counted from the day defendant is charged with a crime); *State v. Coulson*, 243 Or App 257, 268, 258 P3d 1253 (2011) (clock begins when charging instrument such as information filed).

After denying defendant's motion to dismiss on statutory and constitutional speedy trial grounds, the trial court set the next trial date for September 4, 2013. Unlike the trial court in *Lee*, which could not "have anticipated 'delay' that had not yet occurred," the trial court here set the trial date in its opinion and should have calculated the total delay from the date defendant was charged to the last date set for trial, September 4, 2013. Therefore, we calculate the total delay from the date that defendant was charged, January 27, 2012, to the date of trial, September 4, 2013, a total delay of 586 days or over 19 months.

We next determine what part of the total delay is attributable to the state and to which defendant did not consent. Defendant argues not only that the trial court incorrectly calculated the total period of delay, but also that the state was responsible for all except 34 days of the 19-month delay. The state counters that defendant is responsible for 48 days of delay, which should be subtracted from the total. The state counts 34 days to which defendant consented when continuing plea negotiations and 14 days relating to the shift from May to June trial dates.[4] In

---

[4] Defendant acquiesced in the 14-day shift in his motion to dismiss. In its opinion on the motion to dismiss, the trial court did not attribute this delay to defendant.

addition, the state argues that the three-month delay from defendant's June 4 motion to dismiss to the September 4 trial date should be attributable to defendant, arguably because defendant's motion to dismiss and ongoing plea negotiations—rather than the prosecutor's vacation—delayed the trial.

As to that, we examine whether the 96-day delay from May 31, 2013, the date the state filed its motion to continue, to September 4, 2013, the date of trial, is attributable to the state or defendant. Because the trial court did not include the period from May 31, 2013 to September 4, 2013, in its calculation of the total delay, it made no findings as to that period. In its opinion denying the motion to dismiss, the trial court did acknowledge that,

> "on May 31, 2013, the state filed a motion to continue because the DDA handling the case was on a previously scheduled vacation. The court granted that motion on June 3, 2013 and on that date defendant filed the instant motion."

Although the trial court did not consider the ensuing delay, we must.

The state argues that that period of delay should not be attributable to the state because the state thought that the case would settle, which is why the state waited until two weeks before the prime trial date to file a motion to continue. The state insists that it was defendant's motion to dismiss that delayed the trial, because defense counsel filed the motion knowing that it was filed the day before the DDA was scheduled to go on vacation. The state concludes that the trial was delayed due to the need for the motion to be heard, not the state's motion to postpone trial.

We disagree. The state was not available to go to trial on June 13. The state initiated the delay and the trial court granted the motion to continue on the same day that defendant filed the motion to dismiss. Defense counsel argued that "the timing of this motion has nothing whatever to do with [the DDA's] vacation. It has to do with the fact that this case is scheduled for trial in ten days." The motion to dismiss could not be heard before the trial date of June 13, or on June 13 as a preliminary matter, because

of the DDA's previously scheduled vacation.[5] Therefore, the 96-day delay is attributable to the state. It is not a delay to which defendant consented and which we would subtract from the total delay.

Next, we recognize that the remaining 426 days of delay resulted from the court's lack of judicial resources. These 426 days of delay were systemic. Because defendant did not consent to that period of delay, it is attributable to the state. *See State v. Allen*, 234 Or App 243, 254, 227 P3d 219 (2010) (concluding that the delays that a defendant did not apply for or consent to are attributable to the state); *State v. Myers*, 225 Or App 666, 671 n 3, 202 P3d 238 (2009) (holding that the state "includes the courts" and, "thus, court related delays are attributable to the state").

Taken together, we conclude that, of the total delay of 586 days, only the 34 days to which defendant consented were attributable to defendant. Because that delay is longer than "ordinarily would be expected," we must determine whether the delay was reasonable. *See Johnson*, 339 Or at 88 (concluding that if the delay is longer than "ordinarily would be expected," we then determine whether the delay is reasonable). We analyze whether the delay attributable to the state was unreasonable by examining "all the attendant circumstances." *Id.* The state bears the burden to bring a defendant to trial within a reasonable time; it also has the burden of showing the reasonableness of any delay. *State v. Davis*, 236 Or App 99, 110, 237 P3d 835 (2010). "Where the state fails to show, on the record, justified reasons for a delay, the delay is deemed to be unreasonable." *Id.*

Defendant contends that the delay was unreasonable for several reasons. First, defendant argues that the trial court correctly concluded that the 35-day delay due to the state's failure to provide discovery by the first plea date was unreasonable.[6] Second, defendant argues that the delay

---

[5] The DDA's vacation lasted from June 5 through June 20. There is no indication, and the state does not argue, that there was an earlier trial date available before September 4.

[6] The trial court actually concluded that the period from April 3, 2012 to May 3, 2012, was attributable to the state and was unreasonable. The state conceded that delay was attributable to the state.

due to the state's requested set-over of the June 13, 2013, trial date because of the prosecutor's previously planned vacation was unreasonable. Lastly, defendant argues that the remaining delay due to the trial court's docket and lack of resources was unjustified in light of the total 19-month delay.

The state responds that the remaining delay was reasonable in light of the circumstances. The state argues that the initial 96-day delay was reasonable, despite the trial court's conclusion (and the state's concession) that the 30-day period of delay was unreasonable due to the state's failure to provide discovery. The state argues that, even with the unreasonable delay, the total period was still a reasonable period of time in which to schedule a plea hearing. The state contends that the next periods of delay were all reasonable because of a significant lack of judicial resources in Union County. The state concludes that, because each segment of delay was largely reasonable, the total delay was a reasonable time to bring a defendant to trial in a county with limited resources.

After considering "all the attendant circumstances," we must agree with defendant. The first two types of delay require little discussion. Like the trial court, we conclude that the 30-day delay due to the state's failure to produce discovery was unreasonable. We also conclude that the 96-day delay of time due to the prosecutor's vacation was unreasonable. The DDA made nonrefundable travel plans out of the country knowing that he had a prime trial date set during that time and that he had not arranged a substitute prosecutor. In light of the fact that this case had been delayed over 16 months by June 2013, the state's actions in further delaying bringing defendant to trial were unreasonable.

The last type of delay is not so readily resolved. This delay concerns the remaining 426 days of delay due to the court's lack of judicial resources. In *State v. Adams*, 339 Or 104, 111-12, 116 P3d 898 (2005), the Supreme Court concluded that

"an overcrowded docket, or * * * a 'lack of judicial resources' can justify at least *some* trial court decisions to postpone a trial for a certain length of time. * * * However, the fact of

> an overcrowded docket can only go so far in expanding the period of time that will be considered 'reasonable' for purposes of ORS 135.747. At some point, the focus must shift away from whether the various postponement requests and decisions *individually* are justifiable to whether the overall period of time to bring the defendant to trial is 'reasonable' *in toto.*"

*Id.* (emphases in original). We consider that "[d]elays due to discovery violations or the convenience of prosecutors weigh more heavily in the balance than do delays necessitated, for example, by * * * unavoidable docket congestion." *Allen*, 234 Or App at 256. Because a lack of judicial resources can justify some delay in trial, but does not make a period of delay *per se* reasonable, we likewise examine the 426 days of delay due to the trial court's lack of resources in light of the total delay.

The extent of the total delay influences whether the total delay is acceptable. "The longer the total delay is, the shorter any unjustified portion may be." *Myers*, 225 Or App at 677. Here, of the total 586-day delay, 34 days are attributable to defendant and that delay is subtracted from the total for the delay. From the remaining 552-day delay, we have already concluded that 126 of those days—30 from the state's failure to provide timely discovery and 96 from the delay resulting from the prosecutor's vacation—were unreasonable.

We may look to similar cases to determine if the balance of the delay here was reasonable. *State v. Peterson*, 252 Or App 424, 429, 432-33, 287 P3d 1243 (2012). In *Myers*, we concluded that an 18-month delay was reasonable where all of the delays were justified. 225 Or App at 677-78. Generally, however, we have treated a delay attributable to the state exceeding 15 months as "a rough outer boundary of reasonableness in misdemeanor cases." *Peterson*, 252 Or App at 433. In DUII misdemeanor cases, "the courts generally have concluded that state-caused delays to which a defendant has not consented of 15 months or more are generally unreasonable." *State v. Davids*, 193 Or App 178, 183, 90 P3d 1 (2004).

In making the determination whether a delay is reasonable, we have considered the "Standards of Timely

Disposition" adopted by the Oregon Judicial Conference, which posited that 100 percent of all misdemeanors should be adjudicated in one year. *See State v. Ton*, 237 Or App 447, 452, 241 P3d 309 (2010); *State v. Brunoe*, 204 Or App 749, 756, 131 P3d 743, *rev den*, 341 Or 245 (2006). The 18-month delay here exceeds that benchmark by six months. "[W]e have not found an appellate decision in which the court upheld the denial of a motion to dismiss under ORS 135.747 in a misdemeanor case where, as here, the cumulative period of delay attributable to the state exceeded 15 months and where a significant part of the delay was determined to be unreasonable." *Peterson*, 252 Or App at 433; *see also State v. Dobson*, 240 Or App 315, 316-17, 245 P3d 704 (2010) (holding that dismissal was required where overall length of prosecution was 16 months, state was responsible for 13 months of delay, and six months of that delay was due to simple neglect); *Ton*, 237 Or App at 453 (holding that dismissal was required where eight months of delay out of a total of 11.5 months attributable to the state were due to simple neglect).

In *Peterson*, we considered all the attendant circumstances in a DUII misdemeanor case, "where the relevant cumulative delay was 19 months, and a five-month portion of that delay was the product of ordinary neglect," and concluded that the delay was unreasonable under ORS 135.747. 252 Or App at 434. In *Allen*, we concluded that a delay attributable to the state of 15 months was unreasonable where 11.5 months were due to typical court scheduling issues and three months were caused by the prosecutor's discovery violation. 234 Or App at 256-58. In this case, the state caused an unreasonable delay of over four months, and the lack of judicial resources caused a 14-month delay. Taken together, this delay of about 18 months exceeds the bounds of reasonableness. The state failed to bring defendant to trial within a timely period under ORS 135.747. Therefore, the trial court erred in denying defendant's motion to dismiss for lack of a speedy trial.

Reversed and remanded for entry of judgment of dismissal.